HONORABLE ROBERT J. BRYAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

LAWRENCE HARTFORD, *et al.*,

Plaintiffs,

v.

BOB FERGUSON, et al.

Defendants.

No. 3:23-cv-05364-RJB

ALLIANCE FOR GUN RESPONSIBILITY'S MOTION TO INTERVENE AS DEFENDANT

NOTE ON MOTION CALENDAR: MAY 26, 2023

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.   FACTS .....................................................................................................................2

      A.    SHB 1240's Purpose and Scope ...................................................................2

      B.    The Alliance Was the Primary Organizer of Support for Passage of SHB
            1240...............................................................................................................3

      C.    Plaintiff's Lawsuit.........................................................................................5

III.  AUTHORITY AND ARGUMENT ..........................................................................5

      A.    The Court Should Grant Permissive Intervention.........................................5

      1. The Alliance's defense shares common questions of law and fact .................6

      2. The remaining requirements are met or inapplicable. ...................................7

      3. Additional factors weigh in favor of permissive intervention.........................8

      B.    In the Alternative, the Alliance is Entitled to Intervene as of Right.............9

      1. The Alliance has an interest in the subject of this action. ...............................9

      2. The lawsuit's outcome may significantly impair the Alliance's interest. .........10

      3. The Alliance's interest may not be fully represented by Defendants...............11

IV.   CONCLUSION.......................................................................................................14

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - i
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## I.      INTRODUCTION

The Alliance for Gun Responsibility (the "Alliance") seeks to intervene in this lawsuit to defend the constitutionality of a common-sense gun safety law the Alliance spent over seven years working to enact. Substitute House Bill 1240 ("SHB 1240" or "the Law") seeks to improve public safety and reduce mass shootings by limiting the manufacture, import, and sale of assault weapons, which allow shooters to fire large numbers of rounds quickly and have been used in the deadliest mass shootings over the past decade. For more than seven years, the Alliance actively assisted in developing and researching these limits and was ultimately the primary organizer of public support for the passage of SHB 1240. The Alliance coordinated tens of thousands of communications to legislators and facilitated the testimony of both experts and gun violence survivors in support of the bill. Having invested considerable organizational resources to achieve SHB 1240's enactment, the Alliance seeks to defend the law against Plaintiffs' suit, which aims to undo its work and strike down the law.

Permissive intervention is warranted. The Alliance's defense of SHB 1240 has common questions of law and fact with this litigation – namely, whether the Law is constitutional. Second, this Motion is timely and will not cause undue delay or prejudice to the other parties: the lawsuit was initiated only two weeks ago, and the Court has not made any substantive rulings. Further, the "independent jurisdiction grounds" requirement is inapplicable because the Alliance does not intend to assert any state-law claim in this federal-question case. Finally, the Alliance has unique and valuable expertise with respect to firearms and gun violence.

Alternatively, intervention as of right is appropriate. The Alliance has a significant interest in the subject of this action that will be greatly impaired absent intervention. Further, there is no assurance that the Alliance's interest can be fully represented by the existing

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 1
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Defendants, especially in light of *New York State Rifle and Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), which created a new legal standard for analyzing Second Amendment claims. The Court would benefit from the Alliance's perspective on applying this new framework to the Law.

Before filing this Motion, the Alliance informed all counsel to parties that have appeared of its intent to intervene and to request their position on this Motion. Defendants John Gese and Chad Enright ("Kitsap County Defendants") do not oppose the Motion. As of this filing, counsel for the remaining parties that have appeared have not yet responded with their position.

## II.     FACTS

### A.     SHB 1240's Purpose and Scope

On April 19, 2023, the Legislature passed SHB 1240, and on April 25, Governor Inslee signed the bill into law. The purpose of SHB is straightforward: to increase the public health and safety of Washingtonians and reduce the risk of mass shootings. 2023 Wash. Laws ch. 162, § 1. The Law seeks to accomplish that goal by prohibiting the manufacture, importation, distribution, sale, and offering for sale of assault weapons with limited exemptions. *Id*. § 3.

As the legislature found in enacting the law, an assailant with an assault weapon can hurt and kill twice the number of people than an assailant with a handgun or non-assault rifle. *Id*. § 1. This is because the additional features of an assault weapon allow shooters to fire large numbers of rounds quickly. *Id*. Assault weapons have been used in the deadliest mass shootings in the last decade. *Id*. An analysis of mass shootings that resulted in four or more deaths found that 85% of those fatalities were causes by an assault weapon. *Id*. The legislature found that this regulation of assault weapons is likely to limit the number of mass shootings committed in Washington. *Id*.

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 2
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1  Moreover, the legislature found that assault weapons are not suitable for and not statistically

2  used in self-defense. *Id*.

3       SHB 1240 regulates assault weapons in two respects. First, it prohibits as a gross

4  misdemeanor any person in Washington from manufacturing, importing, distributing, selling, or

5  offering for sale any assault weapon. *Id*. § 3. The Law creates exceptions for: any branch of the

6  armed forces of the United States or the State of Washington; law enforcement agencies in

7  Washington; out-of-state residents by a licensed firearms manufacturer; persons who no longer

8  wish to own an assault weapon; out-of-state sale or transfer of the existing stock of assault

9  weapons by a licensed dealer for a limited period of time; and the receipt of an assault weapon

10  through inheritance. *Id*. § 3. Second, SHB 1240 makes the manufacturing, importation,

11  distribution, sale, or offering for sale of any assault weapon "an unfair or deceptive act in trade

12  or commerce and an unfair method of competition" under the Consumer Protection Act, RCW

13  ch. 19.86. *Id*. § 4 (to be codified at ch. 9.41 RCW).

14  **B.    The Alliance Was the Primary Organizer of Support for Passage of SHB 1240.**

15       The Alliance is a Washington-based nonprofit organization dedicated to ending gun violence

16  and promoting a culture of gun ownership that balances rights with responsibilities. Declaration

17  of Renee Hopkins ("Hopkins Decl.) ¶ 2.[1] In collaboration with local and national experts, civic

18  leaders, and citizens, the Alliance identifies and advocates for evidence-based solutions to the

19  crisis of gun violence and promotes those solutions at the local, regional, and state levels. *Id*.

20       The Alliance has successfully led statewide coalitions to pass several landmark ballot

21  measures to improve Washington's firearm laws. *Id*. ¶ 3. Those measures include Initiative 594,

22

23

24  [1] The Hopkins Declaration is Exhibit A to the Declaration of Kai Smith.
   ALLIANCE FOR GUN RESPONSIBILITY'S
   MOTION TO INTERVENE AS DEFENDANT - 3
   Case No. 3:23-cv-05364-RJB

25

26

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

which required background checks for all gun sales – closing a loophole that had allowed sales

by "private sellers" at gun shows, on the internet, and in other situations without background

checks. *Id*. They also include Initiative Measure 1491, which allowed courts to issue Extreme

Risk Protection Orders ("ERPOs") at the request of law-enforcement officers, family members,

and others to keep firearms out of the hands of someone deemed a danger to themselves or

others. *Id*. And in 2018, the Alliance successfully led the campaign – through a political

committee it established – for Initiative Measure No. 1639, which established requirements for

firearm safety training, adopted a 10-day waiting period to purchase a semi-automatic assault

rifle, and raised the age for purchase of semi-automatic assault rifles from 18 to 21. *Id*. The

Alliance successfully intervened to defend the legality of I-594 and I-1639, and the Alliance is

currently an intervenor-defendant in two lawsuits challenging the legality of ESSB 5078, which

restricted the transfer of large-capacity magazines. *Id*. ¶ 4, 5; *see Sullivan v. Ferguson*, No. 3:22-

CV-05403-DGE, 2022 WL 10428165, at *6 (W.D. Wash. Oct. 18, 2022) (granting Alliance's

motion to intervene); *Brumback v. Ferguson*, 343 F.R.D. 335, 339 (E.D. Wash. 2022) (same).

With respect to assault weapons specifically, the Alliance spent more than seven years

working to enact the legislation that was ultimately embodied in SHB 1240. *Id*. ¶ 6. The Alliance

actively assisted in policy research and development, assisted in drafting proposed bill language,

and recruited experts to provide analysis of and legislative testimony on the special dangers of

assault weapons and the efficacy of prohibitions on their sale and distribution. *Id*. The Alliance

also was the primary organizer of public support for passage of SHB 1240, coordinating

thousands of advocates in support of the bill and tens of thousands of communications direct to

legislators. *Id*. Alliance staff and board members also testified in support of the Law. *Id*. In an

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 4
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

acknowledgment of the Alliance's leading role, its CEO and members attended the signing ceremony for the Law. *Id*. ¶ 7.

### C.    Plaintiff's Lawsuit

On April 25, 2023, the same day that the governor signed SHB 1240 into law, Plaintiffs filed this Complaint. Dkt. # 1. No Defendant has answered the Complaint, no discovery has been propounded, and no substantive ruling has been made.

### III.    AUTHORITY AND ARGUMENT

A party may intervene in an action either by permission or as a matter of right. Fed. R. Civ. P. 24. This rule "has received a liberal construction in favor of applications for intervention." *Sagebrush Rebellion Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983) (cleaned up). Here, intervention is warranted under either standard.

### A.    The Court Should Grant Permissive Intervention

Permissive intervention is warranted under Rule 24(b)(1): "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Further, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Thus, permissive intervention is appropriate when (1) the applicant shares a common question of law or fact with the main action, (2) the applicant's motion is timely, and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).

When the above threshold criteria are met, a court has broad discretion in granting intervention. *See Dep't of Fair Emp't & Hous. v. Lucent Techs.*, 642 F.3d 728, 741 (9th Cir.

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 5
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

2011). In exercising its discretion, courts in the Ninth Circuit generally examine several

additional factors:

> [T]he nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[.] . . . whether the intervenors' interests are adequately represented by other parties, . . . and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Spangler v. Pasadena City Bd. Of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977). These factors are

"nonexclusive," *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998), and "[c]ourts are free

to consider other factors in their analysis." *Mineworkers' Pension Scheme v. First Solar Inc.*, 722

F. App'x 644, 646 (9th Cir. 2018) (unpublished).

### 1.    The Alliance's defense shares common questions of law and fact

A would-be permissive intervenor's defense must share a common question of law or fact

with the main action. The defense need only have "relation to the subject matter of the action . . .

before the district court." *Greene v. United States*, 996 F.2d 973, 978 (9th Cir. 1993).

This Court has previously held that the Alliance raised common questions of law and fact

in cases defending the constitutionality of measures it supported. *Sullivan*, 2022 WL 10428165,

at *5 (W.D. Wash. Oct. 18, 2022) (Alliance raised common question of law and fact in challenge

to ESSB 5078); *Nw. Sch. of Safety v. Ferguson*, No. C14-6026 BHS, 2015 WL 1311522, at *2

(W.D. Wash. Mar. 23, 2015) (Alliance presented common questions of law and fact in challenge

to I-594); *Mitchell v. State*, No. 3:18-cv-5931, Dkt. #19 (W.D. Wash. Jan. 2, 2019) (permitting

Alliance's political committee to intervene in challenge to I-1639); *Mitchell v. Atkins*, No. 3:19-

cv-05106, Dkt. #35 (W.D. Wash. Apr. 2, 2019) (same). Other courts have reached similar

conclusions. *Brumback*, 343 F.R.D. at 346 (concluding defenses Alliance sought to bring

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 6
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

"clearly relate[d] to the subject matter of the action, namely, the constitutionality of ESSB 5078"); *see also Jackson v. Abercrombie*, 282 F.R.D. 507, 520 (D. Haw. 2012) ("HFF seeks to intervene to defend the constitutionality of Hawaii's marriage laws. Because this is the precise issue raised by Plaintiffs' claims, there are common questions of law and fact . . . .").

The situation here is no different. The Alliance seeks to defend the law that it worked for over seven years to pass. The proposed defense of SHB 1240 addresses the exact issues raised by Plaintiffs' claims – i.e., whether SHB 1240 is constitutional – and thus shares common questions of law and fact with the allegations in this proceeding. The Alliance meets the first requirement for permissive intervention.

**2.   The remaining requirements are met or inapplicable.**

The timeliness requirement is also met. In evaluating timeliness, the Ninth Circuit considers: (1) the stage of the proceedings; (2) the prejudice to the other parties; and (3) the reason for and length of delay before moving for intervention. *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (noting that the Ninth Circuit considers "precisely the same three factors . . . in determining timeliness under Rule 24(a)" or intervention as a matter of right). The Ninth Circuit has held that motions to intervene as late as four months after the filing of an Initial complaint were timely. *See, e.g., Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995). And existing parties are not prejudiced when a motion to intervene is filed before any substantive rulings. *See, e.g., Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836-37 (9th Cir. 1996).

Here, the Alliance seeks intervention just two weeks after the lawsuit was initiated and before any discovery or substantive rulings. This motion is timely. *See, e.g., Babbitt*, 58 F.3d at 1397 ("The intervention motion was filed at a very early stage, before any hearings or rulings on

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 7
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

substantive matters."). Indeed, this Court permitted the Alliance and other parties to intervene to defend I-594 two months after the complaint was filed and after the existing defendant filed an answer. *Nw. Sch. of Safety*, 2015 WL 1311522, at *2 ("[T]here is no prejudice to the other parties because the motion is filed very early in the proceedings and that there has been no delay . . . to file their motion."); *see also Sullivan*, 2022 WL 10428165, at *2 (finding Alliance's motion to intervene timely where it intervened six weeks after the initial filing and prior to any substantive hearings or the dispositive rulings). Likewise, intervention here will enable the Alliance to participate from the case's early stages without disrupting or delaying the proceedings or prejudicing any party.

Additionally, the requirement of "independent jurisdictional grounds" is inapplicable: it "does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new [state-law] claims." *Freedom from Religion Found.*, 644 F.3d at 844. The Alliance does not seek to assert any new state law claims in this federal-question case. Thus, the Alliance satisfies this element.

### 3. Additional factors weigh in favor of permissive intervention.

Several *Spangler* discretionary factors do apply, weighing in favor of permitting intervention. Given the Alliance's involvement and investment in advancing assault weapon restrictions generally and SHB 1240 specifically, the Alliance has significant interests in defending the Law. Further, the Alliance was in the singular position to coordinate thousands of advocates in support of the bill and tens of thousands of communications direct to legislators. Hopkins Decl. ¶ 6. Thus, the Alliance's participation also will significantly contribute to the full development and just and equitable adjudication of the underlying factual and legal issues in the suit. *See, e.g., Nw. Sch. of Safety*, 2015 WL 1311522, at *2; *Doe v. Harris*, No. C12-5713, 2013

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 8
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

WL 140053, at *1 (N.D. Cal. Jan. 10, 2013) ("Proponents seek only to ensure that their perspective on the matters at the heart of this litigation are given due consideration" and their "potential . . . to make such contributions outweighs the as yet abstract danger that delay or prejudice to the original parties could result"). Similarly, here, the Alliance's participation will ensure the interests of SHB 1240's supporters are fully represented and all applicable legal defenses are considered. This Court should permit the Alliance to intervene under Fed. R. Civ. P. 24(b).

**B.    In the Alternative, the Alliance is Entitled to Intervene as of Right**

Under Federal Civil Rule of Procedure 24(a), "[o]n timely motion, the court *must* permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." (emphasis added). This rule "is construed broadly in favor of the applicants." *Babbitt*, 58 F.3d at 1397 (9th Cir. 1995). Intervention as of right is appropriate here because, as shown above, the motion is timely and because: (1) the Alliance has an interest in the subject of this action; (2) the lawsuit's outcome may significantly impair the Alliance's interest; and (3) the Alliance's interest may not be fully represented by Defendants. *See id*.

**1.    The Alliance has an interest in the subject of this action.**

The Alliance has a demonstrable interest in defending SHB 1240 that is more than sufficient. It is well-established that a "public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported." *Babbitt*, 58 F.3d at 1397 (environmental group that supported listing of local snail as endangered species had right to intervene in defense of listing decision); *see also Sagebrush Rebellion*, 713 F.2d at 527-58

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 9
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

(Audubon Society had right to intervene to defend establishment of bird conservation area because it had participated in the administrative process); *Tucson Women's Ctr. v. Ariz. Med. Bd.*, No. CV-09-1909-PHX-DGC, 2009 WL 4438933 (D. Ariz. Nov. 24, 2009) (Catholic Dioceses' public policy arm had right to intervene to defend Arizona statute it had "actively supported . . . by providing testimony before the" legislature). As in these cases, here the Alliance actively advocated for enactment of SHB 1240 and was the primary organizer of public support for the Law's passage. *See supra* at 3-4. Given this extensive involvement and investment in SHB 1240, the Alliance has a significant interest in defending it.

### 2.    The lawsuit's outcome may significantly impair the Alliance's interest.

By extension, the Alliance's interests may be significantly impaired by the outcome of this matter, in which Plaintiffs seek to invalidate and permanently enjoin SHB 1240. Typically, after finding that a proposed intervenor has "a significant protectable interest, [courts] have little difficulty concluding that the disposition of the case may . . . affect it." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006). The Ninth Circuit "follow[s] the guidance of Rule 24 advisory committee notes," holding that " '[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Sw. Ctr. For Bio. Diversity v. Berg*, 28 F.3d 810, 822 (9th Cir. 2001) (quoting Fed. R. Civ. P. 24 advisory committee's notes). Thus, circuit precedent establishes that "an adverse court decision on . . . a measure may, as a practical matter, impair the interest held by the public interest group" that "supported" it. *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (citing *Sagebrush Rebellion*, 713 F.2d at 528); *see also Jackson v. Abercrombie*, 282 F.R.D. 507, 517 (D. Haw. 2012) (allowing intervention of group that had campaigned for years

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 10
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

to enact statute and constitutional amendment because an "adverse decision would impair [its] interest in preserving" the laws). The Alliance, too, meets the impairment requirement.

### 3.   The Alliance's interest may not be fully represented by Defendants.

To evaluate the adequacy-of-representation requirement, the Ninth Circuit "examines three factors": (1) "whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments"; (2) "whether the present party is capable and willing to make such arguments"; and (3) "whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (cleaned up and emphasis added).

Traditionally, the Ninth Circuit has applied a "presumption of adequacy of representation" when "an applicant for intervention and an existing party share the same ultimate objective," such as "when the government is acting on behalf of a constituency that it represents." *Id.* (cleaned up). However, the Supreme Court recently held that "this presumption applies only when interests overlap fully." *Berger v. N.C. State Conf. of NAACP*, 142 S. Ct. 2191, 2201 (2022). In contrast, where, "the absentee's interest is similar to, but not identical with, that of one of the parties, that normally is not enough to trigger a presumption of adequate representation." *Id.* (cleaned up). Here, while the Alliance may share with present Defendants the "ultimate objective" of defending the constitutionality of SHB 1240, the Alliance's focused interest in promoting – and defending – sensible yet comprehensive firearm regulation diverges with state and local officials' broader duties to promote the public interest more generally. *See Citizens for Balanced Use*, 647 F.3d at 899 ("[T]he government's representation of the public interest may not be 'identical to the individual parochial interest' of a particular group just because 'both entities occupy the same posture in the litigation.'") (quoting *WildEarth*

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 11
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996 (10th Cir. 2009)); *see also Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 736-37 (D.C. Cir. 2003) ("[W]e have often concluded that governmental entities do not adequately represent the interests of aspiring intervenors . . . A government entity . . .is charged by law with representing the public interest of citizens. [The intervenor], on the other hand, is seeking to protect a more narrow and 'parochial' . . . interest not shared by [all] citizens . . .") (cleaned up). Thus, the presumption of adequate representation does not apply.

Even if it did apply, however, "[t]he burden of showing inadequacy of representation is *minimal* and satisfied if the applicant can demonstrate that representation of its interests *may* be inadequate." *Citizens for Balanced Use*, 647 F.3d at 898 (cleaned up and emphases added); *see Berger*, 142 S. Ct. at 2204 (burden is "minimal") (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)). Here, it is at least possible (if not probable) that the Alliance's interests will not be fully represented by the present Defendants. Although they may make some of the same arguments, that is by no means assured, and they are unlikely to capture the Alliance's unique perspective as Washington State's leading gun violence prevention organization or articulate its particular positions on the Second Amendment's proper scope.

This is especially true in light of *Bruen*, which significantly altered the framework for adjudicating Second Amendment claims, scrapping the previously well-established two-step test and adopting in its stead a new text- and history-centered approach. 142 S. Ct. at 2126. As constitutional scholars have observed (including those who support *Bruen*'s outcome), how this new standard, established less than one year ago, may apply in practice raises many questions, which will necessarily need to be addressed by future cases. *See, e.g., Randy Barnett*, A minor impact on the gun laws but a potentially momentous shift in constitutional method,

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 12
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

SCOTUSblog (Jun. 27, 2022), https://www.scotusblog.com/2022/06/a-minor-impact-on-gun-laws-but-a-potentially-momentous-shift-in-constitutional-method/. The Alliance maintains that SHB 1240 is constitutional under *Bruen* – just as it was under the two-step framework. *See Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021), *cert. granted, judgment vacated in light of Bruen*, 142 S. Ct. 2111. At the same time, it is unlikely all present Defendants will interpret and apply the new standard in precisely the same way as the Alliance. Thus, it cannot be said that any "present party . . . will undoubtedly make all of [the Alliance]'s arguments." *Citizens for Balanced Use*, 647 F.3d at 898 (cleaned up and emphasis added).

In addition, the Alliance has extensive "expertise apart from that of" the present Defendants, particularly with respect to firearms, mass shootings, and gun violence prevention measures. *See Sagebrush Rebellion*, 713 F.2d at 528; *Tucson Women's Ctr.*, 2009 WL 4438933, at *5 ("Both groups may also provide evidence concerning the impact of the Act that Defendants could not provide."). As explained above, the Alliance has developed significant firearms expertise and experience litigating Second Amendment cases in federal and state courts. Under Rule 24(a)'s principles liberally favoring intervention, the Alliance should have an opportunity to have its legal arguments and subject-matter expertise heard in defense of the Law it was instrumental in enacting.[2]

---

[2] In the interest of moving to intervene at the earliest possible opportunity, the Alliance is not filing contemporaneously with its Motion a proposed answer. Although CR 24(c) provides that a motion to intervene "shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought," it is well-established that this is not a strict requirement, particularly in constitutional cases such as this one where the proposed intervenor's legal position is clear. *See, e.g.*, *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) (concluding that failure to comply with federal equivalent of CR 24(c)'s pleading requirement was not ground for denying motion to intervene); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) ("Courts, including this one, have approved intervention motions without a pleading where

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

#### IV.      CONCLUSION

The Alliance respectfully requests that the Court grant its Motion to Intervene.

I certify that this memorandum contains 4198 words, in compliance with the Local Civil Rules.

DATED this 11th day of May, 2023.

PACIFICA LAW GROUP LLP

 s/ Kai A. Smith
Kai A. Smith, WSBA #54749

*Attorneys for Proposed Intervenor-Defendant Alliance for Gun Responsibility*

_____
the court was otherwise apprised of the grounds for the motion."). The Alliance intends to file a proposed answer by May 25, 2023.

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 14
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

**CERTIFICATE OF SERVICE**

2
     I hereby certify that on this 11th day of May, 2023, I electronically filed the foregoing

3
document with the Clerk of the United States District Court using the CM/ECF system which

4
will send notification of such filing to all parties who are registered with the CM/ECF system.

5
     Dated this 11th day of May, 2023.

6

7

8

_____

9
Sydney Henderson

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 15

25
Case No. 3:23-cv-05364-RJB

26

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750