THE HONORABLE JUDGE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAWRENCE HARTFORD, et al.,<br><br>    Plaintiffs,<br><br>-vs-<br><br>BOB FERGUSON, in his official capacity as Washington State Attorney General, et al.,<br><br>    Defendants. | NO. 3:23-cv-05364-RJB<br><br>DEFENDANT ENRIGHT AND GESE'S MOTION TO DISMISS 42 U.S.C. §1983 & §1988 CLAIMS AND DAMAGES<br><br>NOTE ON MOTION CALENDAR:<br>June 9, 2023 |

## I.  RELIEF REQUESTED

Defendants Chad Enright and John Gese, by and through their counsel of record, Senior Deputy Prosecuting Attorney Christine M. Palmer, respectfully request dismissal, with prejudice, of all claims brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 in accordance with Fed. R. Civ. P. 12(b)(6). While the Complaint challenges the constitutionality of Senate House Bill 1240 ("SHB 1240"), it fails to allege any facts to suggest that Defendants Gese or Enright, either personally or through their roles as Kitsap County officials, engaged in a Second Amendment violation. For this reason, all claims against Defendants Gese and Enright for damages and relief under 42 U.S.C. § 1983 and § 1988 should be dismissed.

DEFENDANT ENRIGHT AND GESE'S MOTION TO DISMISS
42 U.S.C. §1983 & §1988 CLAIMS AND DAMAGES
(3:23-cv-05364-RJB) – Page 1

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

## II. STATEMENT OF FACTS

Plaintiffs filed this lawsuit on April 25, 2023. Dkt. 1. Plaintiffs' Complaint attempts to challenge SHB 1240 on the basis that it allegedly violates the Second Amendment. Dkt. 1. According to the Complaint, SHB 1240 was signed into law by Governor Inslee on April 25, 2023. Dkt. 1, ¶26. The Complaint asserts that SHB 1240 makes it illegal for any person in Washington to manufacture, import, distribute, or sell assault weapons. Dkt. 1, ¶26.

The Complaint alleges that several of the Plaintiffs (Mr. Hartford, Mr. Mitchell, and Mr. Bass) have a present intention and desire to purchase the type of weapons that are banned by SHB 1240. Id., ¶¶64, 70, 77. The Complaint alleges that Plaintiff Sporting Systems Vancouver, Inc. has a present intention and desire to sell the weapons prohibited by SHB 1240. Id., ¶81.

The Complaint identifies John Gese as the Kitsap County Sheriff. Id., ¶20. The Complaint identifies Chad Enright as the Kitsap County Prosecutor. Id., ¶24. The Complaint asserts that Gese and Enright are sued in their official capacities. Id., ¶20, 24. The Complaint alleges no other facts regarding these defendants or their conduct.

## III. AUTHORITY

### A. Legal Standard

The Court must dismiss a complaint as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6) where the complaint fails "to state a claim upon which relief can be granted." A complaint "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). When considering a Rule 12(b)(6) motion to dismiss, the Court presumes all material factual allegations to be true and draws reasonable inferences in favor of the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). However, the Court is not required to accept as true

DEFENDANT ENRIGHT AND GESE'S MOTION TO DISMISS
42 U.S.C. §1983 & §1988 CLAIMS AND DAMAGES
(3:23-cv-05364-RJB) – Page 2

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

any conclusory allegations of law, and unwarranted deductions of fact, or unreasonable inferences. *Id.*

To state a claim on which relief may be granted, Plaintiffs must go beyond an "unadorned, the-defendant-harmed-me accusation[s]," "labels and conclusions," and "naked assertions devoid of further factual enhancement." *Iqbal* at 678 (internal citations omitted). While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. *Id*. at 664. Factual allegations themselves must be enough to demonstrate a plausible right to relief that is "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Finally, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *AE ex rel. Hernandez v. Cnty of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

**B.** **The Court Should Dismiss Plaintiffs Claims for Damages and Relief Under 42 U.S.C. §1983 & §1988 Because Plaintiffs Have Failed to State a Claim Upon Which Relief Can Be Granted**

The Court should dismiss, with prejudice, all 42 U.S.C. § 1983 and § 1988 claims brought against Defendants Enright an Gese because Plaintiffs' Complaint fails to state a valid claim for relief under these statutes.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

42 U.S.C. § 1983 "is not itself a source of substantive rights," but rather provides "a method of

DEFENDANT ENRIGHT AND GESE'S MOTION TO DISMISS
42 U.S.C. §1983 & §1988 CLAIMS AND DAMAGES
(3:23-cv-05364-RJB) – Page 3

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

vindicating federal rights elsewhere conferred." *Graham v. Connor,* 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). 42 U.S.C. § 1988 is the mechanism through which successful civil rights litigants bringing claims under § 1983 can receive an award of attorney fees. See *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933 (1983).

To plead a § 1983 claim, a plaintiff must set forth facts in support of the following elements: (1) the conduct complained of must have been under color of state law, and (2) the conduct must have subjected the plaintiff to a deprivation of constitutional rights." *Jones v. Community Redevelopment Agency of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). "A prerequisite to recovery under the Civil Rights Act, 42 U.S.C. § 1983, is that the plaintiff prove that the defendants deprived him of a right secured by the Constitution and the laws of the United States." *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985).

Liability can arise under 42 U.S.C. § 1983 with respect to an individual or a government entity. Liability against an individual defendant under § 1983 can only arise upon a showing that the defendant personally participated in a constitutional violation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To show personal participation, a plaintiff must allege that a defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

A 42 U.S.C. § 1983 claim against a government entity, commonly referred to as a *Monell* claim, requires a plaintiff to demonstrate that an official policy, custom, or pattern on the part of the government entity was the actionable cause of a constitutional injury. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012). A local government may only be held liable under §1983 for acts which the government "has officially sanctioned or ordered." *City of St. Louis v.*

DEFENDANT ENRIGHT AND GESE'S MOTION TO DISMISS
42 U.S.C. §1983 & §1988 CLAIMS AND DAMAGES
(3:23-cv-05364-RJB) – Page 4

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

*Praprotnik*, 485 U.S. 112, 123, 108 S. Ct. 915 (1988) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 470, 106 S. Ct. 1292 (1986)). Claims against government officials in their "official capacity" are *Monell* claims. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

The Complaint alleges that John Gese and Chad Enright are being sued in their official capacities as Kitsap County Sheriff and Kitsap County Prosecutor. Yet, the Complaint fails to state any facts to articulate a *Monell* claim against Kitsap County. The Complaint does not identify any County policy, custom, or pattern that was the actionable cause of any alleged constitutional injury suffered by the Plaintiffs. The Complaint also fails to set forth any facts to suggest that Defendants Enright or Gese engaged in any conduct that deprived Plaintiffs of their rights under the Second Amendment. In fact, the complaint contains no factual allegations at all regarding either of these defendants, other than to state their positions as government officials. No amendment of Plaintiffs' claims can fix these deficiencies. Plaintiffs cannot legally hold a county prosecutor or a county sheriff responsible for the enactment of a state statute. For this reason, the Complaint fails to state a § 1983 claim under Fed. R. Civ. 12(b)(6), fails to articulate a basis for damages or fees under §1988, and these claims must be dismissed with prejudice.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiffs' claims for relief and damages under 42 U.S.C. § 1983 and § 1989 against Defendants Gese and Enright should be dismissed with prejudice.

I certify that this memorandum contains 1,381words, in compliance with the Local Civil Rules.

DEFENDANT ENRIGHT AND GESE'S MOTION TO DISMISS
42 U.S.C. §1983 & §1988 CLAIMS AND DAMAGES
(3:23-cv-05364-RJB) – Page 5

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

Respectfully submitted this 18th day of May, 2023.

          CHAD M. ENRIGHT
          Kitsap County Prosecuting Attorney

          */s/ Christine M. Palmer*
          CHRISTINE M. PALMER, WSBA No. 42560
          Senior Deputy Prosecuting Attorney
          Attorney for Defendants Chad M. Enright and John Gese

DEFENDANT ENRIGHT AND GESE'S MOTION TO DISMISS
42 U.S.C. §1983 & §1988 CLAIMS AND DAMAGES
(3:23-cv-05364-RJB) – Page 6

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

CERTIFICATE OF SERVICE

I certify that on May 18, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joel B Ard
Ard Law Group PLLC
PO Box 11633
Bainbridge Island, WA 98110
joel@ard.law

Lyndsey M. Downs
Margaret Duncan
Snohomish County Prosecutor's Office
3000 Rockefeller, M/S 504
Everett, WA 98201
lyndsey.downs@co.snohomish.wa.us
margaret.duncan@co.snohomish.wa.us

Andrew R.W. Hughes
Kristin Beneski
Attorney General's Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
andrew.hughes@atg.wa.gov
kristin.beneski@atg.wa.gov

R. July Simpson
William McGinty
Attorney General's Office
7141 Cleanwater Dr. SW/PO Box 40111
Olympia, WA 98504-0100
July.Simpson@atg.wa.gov
william.mcginty@atg.wa.gov

Amanda M. Migchelbrink
Leslie A. Lopez
Clark County Prosecutor's Office
P.O. Box 5000
Vancouver, WA 98666
amanda.migchelbrink@clark.wa.gov
leslie.lopez@clark.wa.gov

Derek A. Lee
Angus Lee Law Firm, PLLC
9105A NE HWY 99, Suite 200
Vancouver, WA 98665
angus@angusleelaw.com

Kai A. Smith
Meha Goyal
Zachary J. Pekelis
Pacifica Law Group LLP
1191 Second Avenue, Suite 2000
Seattle, WA 98101
kai.smith@pacificalawgroup.com
meha.goyal@pacificalawgroup.com
zach.pekelis@pacificalawgroup.com

Trevor Burrus
2301 S June Street
Arlington, VA 22202
trevorburrus@gmail.com

SIGNED in Port Orchard, Washington this 18th day of May, 2023.

*Batrice Fredsti*
Batrice Fredsti, Paralegal
Kitsap County Prosecutor's Office
614 Division Street, MS-35A
Port Orchard WA 98366
Phone: 360-337-7032

DEFENDANT ENRIGHT AND GESE'S MOTION TO DISMISS
42 U.S.C. §1983 & §1988 CLAIMS AND DAMAGES
(3:23-cv-05364-RJB) – Page 7

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros