The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAWRENCE HARTFORD, DOUGLAS MITCHELL; BRETT BASS; SPORTING SYSTEMS VANCOUVER, INC.; SECOND AMENDMENT FOUNDATION, INC.; AND FIREARMS POLICY COALTION, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> BOB FERGUSON, in his official capacity as Washington State Attorney General; et al. <br><br> Defendants. | NO. 3:23-cv-05364-RJB <br><br> SNOHOMISH COUNTY DEFENDANTS FORTNEY AND CUMMINGS' MOTION TO DISMISS PLAINTIFFS' 42 U.S.C. § 1983 AND 42 U.S.C. §1988 CLAIMS AND DAMAGES <br><br> NOTE ON MOTION CALENDAR: <br> June 16, 2023 |

### I. INTRODUCTION AND RELIEF REQUESTED

Defendants Adam Fortney and Jason J. Cummings, by and through their counsel of record, Deputy Prosecuting Attorneys Lyndsey M. Downs and Margaret A. Duncan, respectfully request dismissal, with prejudice, of all claims brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §1988 in accordance with Fed. R. Civ. P. 12(b)(6). Although the Complaint challenges the constitutionality of Substitute House Bill 1240 ("SHB 1240"), it fails to allege any facts to suggest that Defendants Fortney or Cummings, either personally or through their roles as Snohomish

DEFENDANTS FORTNEY AND
CUMMINGS MOTION TO DISMISS - 1
(USDC 3:23-cv-05364-RJB)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330  Fax: (425)388-6333

County officials, engaged in a Second Amendment violation. Therefore, the Court should dismiss all claims for damages and relief under 42 U.S.C. § 1983 and § 1988 against Defendants Fortney and Cummings.

## II.   STATEMENT OF FACTS

Plaintiffs' Complaint alleges that SHB 1240 violates the Second and Fourteenth Amendments. Dkt. 1. The Complaint further asserts that SHB 1240, signed by Governor Inslee on April 25, 2023, made it "illegal for any person in Washington to, with a handful of exceptions, 'manufacture, import, distribute, sell, or offer for sale any assault weapon.'" *Id.*, ¶26. The Complaint alleges that the individual Plaintiffs (Mr. Hartford, Mr. Mitchell, and Mr. Bass) have a present intention and desire to purchase the type of weapons that are banned by SHB 1240. *Id.*, ¶¶64, 70, 77. It also alleges that Plaintiff Sporting Systems Vancouver, Inc. has a present intention and desire to sell the weapons prohibited by SHB 1240. *Id.*, ¶81.

The Complaint identifies Adam Fortney as the Snohomish County Sheriff and Jason Cummings as the Snohomish County Prosecutor, and the Complaint asserts that they are sued in their official capacities. *Id.*, ¶¶21, 25. The Complaint alleges no other facts regarding these defendants or their conduct.

## III.   AUTHORITY

### a. Legal Standard

The Court must dismiss a complaint as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6) when it fails "to state a claim upon which relief can be granted." A complaint "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The Court presumes all

DEFENDANTS FORTNEY AND
CUMMINGS MOTION TO DISMISS - 2
(USDC 3:23-cv-05364-RJB)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

material factual allegations to be true and draws reasonable inferences in favor of the non-moving party when considering a Rule 12(b)(6) motion to dismiss. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). However, the Court is not required to accept as true any conclusory allegations of law, unwarranted deductions of fact, or unreasonable inferences. *Id.*

To state a claim on which relief may be granted, Plaintiffs must go beyond an "unadorned, the-defendant-harmed-me accusation[s]," "labels and conclusions," and "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted). While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. *Id*. at 664. Factual allegations themselves must be enough to demonstrate a plausible right to relief that is "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Finally, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *AE ex rel. Hernandez v. Cnty of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

    b. **The Court Should Dismiss Plaintiffs' Claims for Damages and Relief Under 42 U.S.C. §1983 and §1988 Because Plaintiffs Have Failed to State a Claim Upon Which Relief Can Be Granted.**

The Court should dismiss with prejudice all 42 U.S.C. § 1983 and § 1988 claims brought against Defendants Fortney and Cummings because Plaintiffs' Complaint fails to state a valid claim for relief under these statutes. 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

DEFENDANTS FORTNEY AND
CUMMINGS MOTION TO DISMISS - 3
(USDC 3:23-cv-05364-RJB)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

42 U.S.C. § 1983 "is not itself a source of substantive rights," but rather provides "a method of vindicating federal rights elsewhere conferred." *Graham v. Connor,* 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). 42 U.S.C. § 1988 is the mechanism through which successful civil rights litigants bringing claims under § 1983 can receive an award of attorney fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933 (1983).

To plead a § 1983 claim, a plaintiff must set forth facts in support of the following elements: (1) the conduct complained of must have been under color of state law, and (2) the conduct must have subjected the plaintiff to a deprivation of constitutional rights." *Jones v. Community Redevelopment Agency of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). "A prerequisite to recovery under the Civil Rights Act, 42 U.S.C. § 1983, is that the plaintiff prove that the defendants deprived him of a right secured by the Constitution and the laws of the United States." *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985).

Liability can arise under 42 U.S.C. § 1983 with respect to an individual or a government entity. Liability against an individual defendant under § 1983 can only arise upon a showing that the defendant personally participated in a constitutional violation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To show personal participation, a plaintiff must allege that a defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). A 42 U.S.C. § 1983 claim against a government entity, commonly referred to as a *Monell* claim, requires a plaintiff to demonstrate that an official policy, custom, or pattern on the part of the government entity was the actionable cause of a constitutional injury. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012). A local government may only be held

DEFENDANTS FORTNEY AND
CUMMINGS MOTION TO DISMISS - 4
(USDC 3:23-cv-05364-RJB)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

liable under §1983 for acts which the government "has officially sanctioned or ordered." *City of St. Louis v. Praprotnik,* 485 U.S. 112, 123, 108 S. Ct. 915 (1988) (internal quotations omitted). Claims against government officials in their "official capacity" are also *Monell* claims. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

Although the Complaint alleges that Adam Fortney and Jason Cummings are being sued in their official capacities as Snohomish County Sheriff and Snohomish County Prosecutor, the Complaint fails to state any facts that would support a *Monell* claim. The Complaint does not identify any Snohomish County policy, custom, or pattern that was the actionable cause of any alleged constitutional injury suffered by the Plaintiffs. Nor does the Complaint set forth any facts to suggest that Fortney or Cummings engaged in any conduct that deprived Plaintiffs of their rights under the Second and Fourteenth Amendments. The Complaint does not contain any factual allegations relating to Fortney or Cummings, except to state their positions as government officials. Plaintiffs cannot amend their Complaint to fix these deficiencies as they cannot legally hold a county sheriff or prosecutor responsible for the enactment of a state statute. Therefore, the Court should dismiss Plaintiffs' claims under §§1983 and 1988.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiffs' claims for relief and damages under 42 U.S.C. §§1983 and1988 against Defendants Fortney and Cummings should be dismissed with prejudice.

DEFENDANTS FORTNEY AND
CUMMINGS MOTION TO DISMISS - 5
(USDC 3:23-cv-05364-RJB)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

I certify that this memorandum contains 1,313 words, in compliance with the Local Civil Rules.

DATED this 22nd day of May, 2023.

          JASON J. CUMMINGS
          Snohomish County Prosecuting Attorney

          By:    *s/Lyndsey M. Downs*
          LYNDSEY M. DOWNS, WSBA #37453
          MARGARET A. DUNCAN, WSBA #47876
          Deputy Prosecuting Attorney
          Snohomish County Prosecutor's Office
          Civil Division
          3000 Rockefeller Avenue, M/S 504
          Everett, WA  98201
          Ph: (425) 388-6330  /  Fax: (425) 388-6333
          Lyndsey.downs@co.snohomish.wa.us
          Margaret.duncan@co.snohomish.wa.us
          *Counsel for Defendants Adam Fortney and Jason Cummings*

DEFENDANTS FORTNEY AND
CUMMINGS MOTION TO DISMISS - 6
(USDC 3:23-cv-05364-RJB)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the Civil Division of the Snohomish County Prosecuting Attorney, and that on May 22, 2023, I caused to be served a true and correct copy of the foregoing document upon the parties listed by the method(s) indicated:

| | |
|---|---|
| Joel B. Ard<br>Ard Law Group, PLLC<br>P.O. Box 11633<br>Bainbridge Island, WA 98110<br>Joel@Ard.law<br>*Attorney for Plaintiffs* | ☒ Electronic Filing (CM/ECF)<br>☐ Email<br>☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Messenger Service |
| Andrew R.W. Hughes<br>Andrew.hughes@atg.wa.gov<br>Kristin Beneski<br>Kristin.beneski@atg.wa.gov<br>R. July Simpson<br>July.simpson@atg.wa.gov<br>William McGinty<br>William.mcginty@atg.wa.gov<br>*Assistant Attorney Generals*<br>*For Bob Ferguson and John R. Batiste* | ☒ Electronic Filing (CM/ECF)<br>☐ Email<br>☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Messenger Service |
| Christine M. Palmer<br>Senior Deputy Prosecuting Attorney<br>614 Division Street, MS-35A<br>Port Orchard, WA 98366-4676<br>Cmpalmer@kitsap.gov<br>*Attorney for Defendants*<br>*Chad M. Enright and John Gese* | ☒ Electronic Filing (CM/ECF)<br>☐ Email<br>☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Messenger Service |

DEFENDANTS FORTNEY AND
CUMMINGS MOTION TO DISMISS - 7
(USDC 3:23-cv-05364-RJB)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330 Fax: (425)388-6333

| | |
|---|---|
| Kai A. Smith<br>Meha Goyal<br>Zachary J. Pekelis<br>Pacifica Law Group LLP<br>1191 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>Kai.smith@pacificalawgroup.com<br>Meha.goyal@pacificalawgroup.com<br>Zach.pekelis@pacificalawgroup.com<br>*Attorneys for Proposed Intervenor-Defendant Alliance for Gun Responsibility* | ☒ Electronic Filing (CM/ECF)<br>☐ Email<br>☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Messenger Service |
| Derek A. Lee<br>Angus Lee Law Firm, PLLC<br>9105A NE Hwy 99, Suite 200<br>Vancouver, WA 98665<br>angus@anguslelaw.com<br>*For Amici Curiae Washington Gun Rights and American Firearms Association* | ☒ Electronic Filing (CM/ECF)<br>☐ Email<br>☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Messenger Service |
| Leslie A. Lopez<br>Amanda M. Migchelbrink<br>Clark County Prosecutor's Office<br>P.O. Box 5000<br>Vancouver, WA 98666-5000<br>Leslie.lopez@clark.wa.gov<br>Amanda.migchelbrink@clark.wa.gov<br>*Attorneys for Defendants John Horch and Tony Golik* | ☒ Electronic Filing (CM/ECF)<br>☐ Email<br>☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Messenger Service |

I declare under the penalty of perjury of the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

DATED this 22nd day of May, 2023.

*s/Nikki Michel*_____
Nikki Michel, Legal Assistant

DEFENDANTS FORTNEY AND
CUMMINGS MOTION TO DISMISS - 8
(USDC 3:23-cv-05364-RJB)

Snohomish County
Prosecuting Attorney – Civil Division
Robert J. Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330  Fax: (425)388-6333