HONORABLE ROBERT J. BRYAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAWRENCE HARTFORD, *et al.*,<br><br>        Plaintiffs,<br><br> v.<br><br>BOB FERGUSON, et al.<br><br>        Defendants. | No. 3:23-cv-05364-RJB<br><br>ALLIANCE FOR GUN RESPONSIBILITY'S REPLY IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANT<br><br>NOTE ON MOTION CALENDAR: MAY 26, 2023 |

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF
MOTION TO INTERVENE AS DEFENDANT
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................1

II.  ARGUMENT .........................................................................................................2

    A.   The Alliance Should be Allowed to Intervene Permissively. .......................2

    B.   The Alliance is Entitled to Intervene as of Right..........................................5

        1.   The presumption of adequacy does not apply. .....................................5

        2.   The Alliance's interests may not be adequately represented by Defendants...........................................................................................6

III. CONCLUSION......................................................................................................7

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF
MOTION TO INTERVENE AS DEFENDANT - i
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## I. INTRODUCTION

In every case in which the Alliance for Gun Responsibility (the "Alliance") has moved to intervene to defend gun safety measures it had supported, the court granted its motion—including last week in a lawsuit in the Eastern District of Washington that also challenges Substitute House Bill 1240 ("SHB 1240" or the "Law"). *Banta v. Ferguson*, No. 2:23-CV-00112-MKD, Dkt. # 29 (E.D. Wash. May 19, 2023); *Sullivan v. Ferguson*. No. 3:22-cv-05403-DGE, 2022 WL 10428165, at *6 (W.D. Wash. Oct. 18, 2022) (granting the Alliance's motion to intervene to defend large-capacity magazine statute); *Brumback v. Ferguson*, 343 F.R.D. 335, 346 (E.D. Wash. 2022) (same); *Mitchell v. State*, No. 3:180-cv-5931, Dkt. #19 (W.D. Wash. Jan. 2, 2019) (granting the motion of the Alliance's political committee to intervene to defend initiative); *Mitchell v. Atkins*, No. 3:19-cv-05106, Dkt. #35 (W.D. Wash. Apr. 2, 2019) (same); *Slone v. State*, No. 20-2-07296-1 (Pierce Cnty. Super. Ct. Sept. 25, 2020) (same)[1]; *Nw. Sch. of Safety v. Ferguson*, No. C14-6026 BHS, 2015 WL 1311522, at *3 (W.D. Wash. Mar. 23, 2015) (same); *see also Oregon Firearms Fed'n, Inc. v. Kotek*, No. 2:22-cv-01815-IM, Dkt. #59 (D. Or. Dec. 15, 2022) (permitting the Alliance's sister organization, Oregon Alliance for Gun Safety, to intervene); *Eyre v. Rosenblum*, No. 3:22-cv-01862-IM, Dkt. #40 (D. Or. Dec. 15, 2022) (same). Because Plaintiffs do not even attempt to distinguish the Alliance's requested intervention from this prior body of law, the same result should obtain here.

As to permissive intervention, Plaintiffs do not dispute that the Alliance meets *every* threshold requirement. Plaintiffs instead focus on various discretionary factors, but ignore that this Court previously rejected those arguments in a similar case. *Sullivan*, 2022 WL 10428165, at *6. As to intervention as of right, Plaintiffs acknowledge that the Alliance has satisfied three of the

---

[1] The *Slone* order is attached as Exhibit A to the Declaration of Zachary J. Pekelis.

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF
MOTION TO INTERVENE AS DEFENDANT - 1
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

four requirements, arguing only that the Alliance will be adequately represented by existing Defendants. Dkt. #33 at 3-7. But this argument misapplies the presumption of adequate representation and misunderstands the categories of evidence the Alliance could helpfully present to the Court under the new standard announced in *New York State Rifle & Pistol Ass'n., Inc. v. Bruen*, 142 S. Ct. 2111, 2130 (2022). The Court should grant the Alliance's Motion.

## II.     ARGUMENT

### A.     The Alliance Should be Allowed to Intervene Permissively.

Plaintiffs concede that every threshold requirement for permissive intervention is satisfied, and instead argue that certain discretionary factors weigh in their favor. Dkt. #33 at 7-9. Their arguments are foreclosed by directly applicable case law and are not well taken.

**First**, Plaintiffs argue that the Alliance's participation will cause confusion, delay, and prejudice. Dkt. # 33 at 8. But Plaintiffs' failure to dispute that the Motion is timely undermines any such claim. *See Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836-37 (9th Cir. 1996) (no prejudice when intervention sought before substantive rulings). If anything, the Alliance's participation will help ensure an efficient and correct resolution of the important and complex issues in this case. *U.S. v. City of L.A.*, 288 F.3d 391, 397-98 (9th Cir. 2002). Indeed, as Judge Dimke noted in permitting the Alliance to intervene in a similar case, the Alliance's expertise "is likely to be useful" and its "early entry into this litigation will not prolong or unduly delay resolution of this case." *Brumback*, 343 F.R.D. at 346; *see also Sullivan*, 2022 WL 10428165, at *6 ("[T]he inclusion of Alliance in these proceedings will not unduly delay or complicate the proceedings."). For similar reasons, the Alliance has been permitted to intervene in a parallel

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF
MOTION TO INTERVENE AS DEFENDANT - 2
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

lawsuit challenging SHB 1240. *Banta*, No. 2:23-CV-00112-MKD, Dkt. # 29 (E.D. Wash. May 19, 2023).[2]

**Second**, Plaintiffs' objection that the Alliance will not contribute to the full development of underlying factual issues, Dkt. #33 at 8, blatantly ignores this Court's earlier conclusion to the contrary: the "Alliance's expertise in firearms and Second Amendment litigation is likely to contribute to full development of the underlying factual issues," *Sullivan*, 2022 WL 10428165, at *5; *see also Brumback*, 343 F.R.D. at 346 (noting the Alliance "offers valuable and specialized experience").

Plaintiffs' argument also is premised on a lack of appreciation of the historical complexity contemplated by *Bruen* and an erroneous view that the efficacy of firearms regulations is irrelevant under the *Bruen* framework. As the *Bruen* majority noted, "historical analysis can be difficult; it sometimes requires resolving threshold questions, and making nuanced judgments about which evidence to consult and how to interpret it." 142 S. Ct. 2111, 2130 (2022). Plaintiffs suggest that such historical analysis is conducted in a vacuum, with "zero fact development" needed. Dkt. # 33 at 9. That is not what *Bruen* envisages: "The job of judges is not to resolve historical questions in the abstract; it is to resolve legal questions presented in particular cases or controversies," relying on "various evidentiary principles and default rules," and "based on the historical record compiled by the parties." 142 S. Ct. at 2130 n. 6.

Moreover, Plaintiffs are wrong that *Bruen* "does not permit considerations of the efficacy" of restrictions on assault weapons. Dkt. # 33 at 7 (cleaned up). The majority in *Bruen* made clear that the historical inquiry must at minimum examine "how and why the regulations burden a law-

---

[2] Plaintiffs also cannot complain about adding one party to this case. *See Sullivan*, 2022 WL 10428165, at *6 ("Plaintiffs have chosen to file suit against eight defendants and the Court is not convinced the inclusion of an additional defendant will create significant additional burden or expense.").

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF
MOTION TO INTERVENE AS DEFENDANT - 3
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

abiding citizen's right to armed self-defense." 142 S. Ct. at 2133. Specifically, "whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified are *central* considerations when engaging in an analogical inquiry." *Id*. (cleaned up). It is hard to see how this Court could determine whether any burdens SHB 1240 has on Second Amendment rights are "comparably justified" as against historical analogues without considering such laws' "efficacy." The Alliance, with its unique qualifications and experience, will contribute to the full development of this and other relevant issues.

**Third**, Plaintiffs contend that the Alliance should present its perspective as amicus curiae rather than as an intervenor. Dkt. # 33 at 9. But "the right to file a brief as amicus curiae is no substitute for the right to intervene as a party in the action." *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002) (cleaned up). There are many reasons a law's proponents are generally granted intervenor rather than amicus curiae status, including that courts generally do not consider arguments raised only by amici curiae. *See, e.g., F.T.C. v. Phoebe Putney Health Sys., Inc.*, 568 U.S. 216, 226 n. 4 (2013). Nor are amici generally permitted to present expert witnesses—which the Alliance has done in other cases and intends to do here if allowed to intervene. In sum, only intervention will permit the Alliance to meaningfully participate in the litigation and to fully vindicate its interests.

**Finally**, Plaintiffs argue that Defendants will adequately represent the Alliance's interests, but as explained in its Motion and in further detail below, that is wrong. Dkt. # 25 at 13-15; *infra*, Section II.B.

Regardless, even if there were adequacy of representation, permissive intervention would still be warranted. As this Court has recognized, courts "routinely allow parties to intervene

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF
MOTION TO INTERVENE AS DEFENDANT - 4
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

[permissively] even where they find their interests may be adequately represented by other parties." *Sullivan*, 2022 WL 10428165, at *6; *see also Dep't of Fair Emp. & Hous. v. Lucent Techs.*, 642 F.3d 728, 741 (9th Cir. 2011) (permissive intervention granted despite finding of adequate representation by existing defendants); Dkt. #25 at 8-9 (citing cases, including four allowing the Alliance to intervene). That is because "adequacy of representation is just one factor a court may consider when using its discretion to permit intervention." *Sullivan*, 2022 WL 10428165, at *6. Here, as in *Sullivan* and every other case in which the Alliance has sought intervention, the Alliance's significant interest in defending the law it supported and relevant expertise outweigh any adequacy of representation. *See Sullivan*, 2022 WL 10428165, at *5; Dkt. # 25 at 10-11.

### B. The Alliance is Entitled to Intervene as of Right.

Plaintiffs concede that the Alliance satisfies three of the four elements for intervention as of right, and argue only that the Alliance is adequately represented by existing Defendants. Their argument overlooks the liberal standards governing such intervention and overstates the role of the "presumption of adequate representation."

#### 1. The presumption of adequacy does not apply.

Consistent with the liberal policy favoring intervention, "a movant's burden" to show inadequate representation is "minimal." *Berger v. N. Car. State Conf. of NAACP*, 142 S. Ct. 2191, 2204 (2022) (cleaned up); *see, e.g., City of L.A.*, 288 F.3d at 402. A rebuttable "presumption of adequate representation generally arises when the representative is a governmental body or officer charged by law with representing the interests of the absentee." *City of L.A.*, 288 F.3d at 401 (cleaned up). But "this presumption applies only when interests overlap fully." *Berger*, 142 S. Ct. at 2204 (cleaned up).

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF
MOTION TO INTERVENE AS DEFENDANT - 5
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Trying to avoid *Berger*, Plaintiffs argue that the "case involved intervention by public officials, not private parties," so the "Ninth Circuit's precedent on that [presumption of adequacy] issue was not disturbed." Dkt. #33 at 3 n. 1. But *Berger*'s statement cannot so conveniently be limited. Noting that "some lower courts have adopted a presumption of adequate representation where a movant's interests are identical to those of an existing party," the Supreme Court observed: "Where the absentee's interest is similar to, *but not identical with*, that of one of the parties, that normally is not enough to trigger a presumption of adequate representation." *Berger*, 142 S. Ct. at 2204 (emphasis added) (cleaned up). The Alliance's focused advocacy interests do not "overlap fully" with broad public interests Defendants must advance, so the presumption does not apply.

**2. The Alliance's interests may not be adequately represented by Defendants.**

Even if the presumption applied, the Alliance has rebutted it by showing (1) a divergence of its interests and those of the existing Defendants; (2) that, in light of *Bruen*, the Alliance "offers a necessary element to the proceedings" – expertise on firearms regulation, including its history – that could be "neglected"; and (3) that the existing Defendants will not "undoubtedly make all of [the Alliance's] arguments." *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525 528 (9th Cir. 1983). Plaintiffs acknowledge those factors govern, Dkt. 33 at 3, but resist their application by making two erroneous arguments – one semantic, one substantive.

First, Plaintiffs exaggerate the burden of establishing inadequate representation. *See* Dkt. #33 at 5. Even if the presumption applied, the Alliance's burden to rebut it would still be "minimal." *See, e.g., City of L.A.*, 288 F.3d at 402. And, even when the presumption applies, "'[i]ntervention of right does not require an absolute certainty . . . that existing parties will not adequately represent its interests,' only that there may be a divergence of interests." *Klamath*

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF
MOTION TO INTERVENE AS DEFENDANT - 6
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Irrigation Dist. v. U.S. Bur. of Reclamation*, No. 1:19-CV-00451-CL, 2019 WL 5788303, at *4 (D. Or. Nov. 6, 2019) (cleaned up).

Semantics aside, the key substantive question is whether the current Defendants "will *undoubtedly* make *all* of [the Alliance's] arguments." *Citizens for Balanced Use*, 647 F.3d at 900-01 (emphases added). The answer is no. As stated above, in *Bruen*, the Supreme Court announced a new standard governing Second Amendment claims centered on text and history. Plaintiffs' suggestion that this standard presents a "straightforward historical inquiry" misunderstands *Bruen* in several respects. Dkt. # 33 at 7. First, Plaintiffs overlook the threshold textual inquiry that comes before the historical one: whether "the Second Amendment's plain text covers an individual's conduct." *Bruen*, 142 S. Ct. at 2126. Second, as explained above, Plaintiffs downplay the historical inquiry's complexity and give no reason to assume that the Alliance and Defendants will compile identical historical records and analogic arguments. *See supra* at 3-4. Finally, Plaintiffs are wrong that *Bruen* prohibits consideration of the efficacy of firearms restrictions. *See supra* at 4. The Alliance has unique qualifications and experience in developing evidence of assault weapons' dangers and the efficacy of limits on them. Because such evidence is a "necessary element to the proceedings" that could be neglected without the Alliance's participation, and because the existing Defendants will not "undoubtedly" make "all" the same arguments, the inadequate representation prong is met.

### III. CONCLUSION

The Alliance respectfully requests that this Court grants its Motion.

I certify that this memorandum contains 2,099 words, in compliance with the Local Civil Rules.

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF
MOTION TO INTERVENE AS DEFENDANT - 7
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1    DATED this 26th day of May, 2023.

3                                             P<small>ACIFICA</small> L<small>AW</small> G<small>ROUP</small> <small>LLP</small>

5     *s/ Kai A. Smith*
      Kai A. Smith, WSBA #54749
      Zach J. Pekelis, WSBA #44557

      *Attorneys for Proposed Intervenor-Defendant*
      *Alliance for Gun Responsibility*

---

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF
MOTION TO INTERVENE AS DEFENDANT - 8
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of May, 2023, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to all parties who are registered with the CM/ECF system.

Dated this 26th day of May, 2023.

*Erica Knerr*
Erica Knerr

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF
MOTION TO INTERVENE AS DEFENDANT - 9
Case No. 3:23-cv-05364-RJB

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750