The Honorable Judge Robert J. Bryan

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

Lawrence Hartford, *et al.*,

    *Plaintiffs*,

v.

Bob Ferguson, in his official capacity as Washington State Attorney General, *et al.*

    *Defendants*.

No. 3:23-cv-05364-RJB

**PLAINTIFFS' OPPOSITION TO KITSAP AND SNOHOMISH COUNTY DEFENDANTS' MOTIONS TO DISMISS**

## I. INTRODUCTION

The Second Amendment guarantees an "individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008). The right applies against the states through the Fourteenth Amendment, *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010), and protects the right to own common semiautomatic rifles which "traditionally have been widely accepted as lawful possessions." *See Staples v. United States*, 511 U.S. 600, 612 (1994). Plaintiffs have brought this action alleging that Washington's recently enacted ban on the manufacture, importation, distribution, or offer for sale of certain semiautomatic rifles that it tendentiously labels "assault weapons" violates their Second and Fourteenth Amendment right to possess these firearms, which are in common use and overwhelmingly possessed by law-abiding citizens who own them for lawful purposes. They have sued both state and local enforcement officials to secure that right. Two sets of local enforcement officials, the Defendants from Snohomish County and the Defendants from Kitsap County, have moved to dismiss on the grounds

Pls.' Opp. to Kitsap and Snohomish County Defs.' R. 12(b)(6) Mots. to Dismiss - 1

*Hartford v. Ferguson*, No. 3:23-cv-05364-RJB

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

that Plaintiffs have failed to state a claim for relief against them as municipal officials and that Plaintiffs are not entitled to damages. *See* Defs. Enright & Gese's Mot. to Dismiss, Doc. 32 (May 18, 2023) ("Kitsap MTD"); Snohomish Cnty. Defs. Fortney & Cummings' Mot. to Dismiss, Doc. 38 (May 22, 2023) ("Snohomish MTD"). Their motions should be denied.

Regarding the sufficiency of Plaintiffs' allegations to state a claim under Section 1983, the County Defendants are wrong to suggest that Plaintiffs are suing them as enforcement officials for their municipality and so must satisfy the requirements of *Monell*. As officials charged with enforcing state law in their counties, the County Defendants are state officials who may be sued for prospective, injunctive relief, and Plaintiffs have sufficiently pleaded such a claim. And Plaintiffs have not sought damages in this suit.

## II.  FACTS

Washington Governor Jay Inslee signed Substitute House Bill 1240 ("the Ban") on April 25, 2023. On the same day, the Ban made it illegal for any party in Washington to "manufacture, import, distribute, sell, or offer for sale any assault weapon." S.H.B. 1240, 68th Leg., Reg. Sess. (Wash. 2023) ("SHB 1240"). Washington defines an "assault weapon" as any one of twelve rifle platforms regardless of manufacturer, including the "AR15, M16, or M4 in all forms," RCW § 9.41.010(2)(a)(i), any of an additional fifty specific models, *id.*, and any number of other semiautomatic rifles possessing specific listed features (which overlap in many cases with the features of the firearms listed by platform or model), *id.* § 9.41.010(2)(a)(iii).

The Ban destroys the market for these firearms within Washington by making it illegal to sell them. Compl. for Decl. & Inj. Relief, Doc. 1 ¶ 62 (Apr. 25, 2023) ("Compl."). As such, there is no way for individuals in Washington to purchase these firearms within the state. And even if someone were willing and able to travel out of the state to purchase new firearms, "importing" these firearms would violate the Ban. *See* SHB 1240 § 3. For firearms dealers, continued sales to civilians of banned semiautomatic rifles violates the Ban. Compl. ¶ 13. A violation is a gross misdemeanor punishable by up to 364 days imprisonment and a fine of up to $5,000. Act § 3(4); RCW § 9A.20.021(2).

Pls.' Opp. to Kitsap and Snohomish County Defs.' R. 12(b)(6) Mots. to Dismiss - 2

*Hartford v. Ferguson*, No. 3:23-cv-05364-RJB

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Plaintiffs in this case are three individuals, a federally licensed firearms dealer (collectively "Member Plaintiffs"), Second Amendment Foundation ("SAF"), and Firearms Policy Coalition, Inc. ("FPC") (collectively "Organizational Plaintiffs"). As relevant here, Plaintiff Laurence Hartford is a law-abiding adult citizen and resident of Kitsap County and a member of SAF and FPC. Compl. ¶ 11. Hartford owns multiple semiautomatic rifles that qualify as "assault weapons" under the Washington Ban, and he would purchase more but for the threat of prosecution for violating the Ban. *Id*. ¶ 62. Plaintiff Brett Bass is a law-abiding adult citizen and resident of Snohomish County and a member of SAF and FPC. *Id*. ¶¶ 72–74. Bass owns multiple semiautomatic rifles that qualify as "assault weapons" under the Ban; in addition to more banned rifles, he would also purchase a threaded barrel for his pistol, but the Ban makes manufacturing a so-called "assault weapon" unlawful. *Id*. ¶¶ 75–77. Prior to the Ban going into effect, Hartford and Bass had legally purchased common semiautomatic rifles and parts on multiple occasions, but they are no longer able to purchase them anywhere in Washington because sellers have been legally required to cease to offer them for sale following the enactment of the Ban. Am. Compl. ¶¶ 56, 59, 69, 72.

The Organizational Plaintiffs are both nonprofit organizations whose core purposes include promoting and defending the right to keep and bear arms. Am. Compl. ¶¶ 14–15. In addition to the Individual Plaintiffs, the Organizational Plaintiffs' Washingtonian members number in the thousands and many of them are presently harmed by the Ban in the same way as the Individual Plaintiffs. Compl. ¶¶ 14–15.

Plaintiffs seek a declaration that the Ban is unconstitutional under the Second and Fourteenth Amendments and an injunction against its enforcement. *Id*. at Prayer for Relief ¶ 1–3. To ensure the injunctive relief is effective, Plaintiffs have sued Attorney General Bob Ferguson and Chief of the Washington State Patrol John R. Batiste, who enforce the Ban at the statewide level, as well as local enforcement officials in the counties where the Member Plaintiffs reside (all in their official capacities). *Id*. ¶¶ 16–25.

Pls.' Opp. to Kitsap and Snohomish County Defs.' R. 12(b)(6) Mots. to Dismiss - 3

*Hartford v. Ferguson*, No. 3:23-cv-05364-RJB

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Defendants Adam Fortney and Jason Cummings are the local enforcement officials for Snohomish County, where Plaintiff Bass resides. *Id*. ¶¶ 18, 21. Defendants Chad Enright and John Gese are the local enforcement officials for Kitsap County, where Plaintiff Hartford resides. *Id*. ¶¶ 20, 24. Defendants Fortney and Gese are county sheriffs tasked with arresting and imprisoning "all persons guilty of public offenses" in the county. RCW 36.28.010(1). A violation of the Ban would constitute such a "public offense." *Id*. Defendants Cummings and Enright are county prosecutors responsible for "[p]rosecut[ing] all criminal and civil actions" in their respective counties to "which the state or the county may be a party." RCW 36.27.020(4). This includes actions to enforce the Ban. Despite their statutory duty to enforce the Ban, these defendants have moved to dismiss, alleging that Plaintiffs have failed to state a claim for relief against them as municipal officials under 42 U.S.C. § 1983.

### III.  ARGUMENT

**A.  Plaintiffs Have Adequately Pleaded a Claim for Violation of Their Second and Fourteenth Amendment Rights Against the County Defendants.**

The County Defendants argue that this Court should dismiss the claims against them because Plaintiffs have not satisfied the requirements of *Monell v. Department of Social Services of City of New* York, 436 U.S. 658 (1978), and have not pleaded any "facts to suggest [the County Defendants] engaged in any conduct that deprived Plaintiffs of their rights." Snohomish MTD at 5; Kitsap MTD at 5. These objections are baseless. Plaintiffs' claim in this case does not implicate *Monell*. Instead, because the County Defendants have a duty under state law to enforce the state-wide Ban, they are appropriate defendants for the prospective relief Plaintiffs seek. And because County Defendants have been sued in their official capacity, Plaintiffs need not allege any actions personally by the County Defendants to deprive them of their rights.

Relief under *Monell* applies for "acts which the municipality has officially sanctioned or ordered." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1998). The County Defendants argue that the Complaint does not allege either county enacted an "official policy, custom, or pattern…[that] was the actionable cause of [Plaintiffs'] claimed injury," *Tsao v. Desert Palace,*

Pls.' Opp. to Kitsap and Snohomish County Defs.' R. 12(b)(6) Mots. to Dismiss - 4

*Hartford v. Ferguson*, No. 3:23-cv-05364-RJB

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

*Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012) (cleaned up); Snohomish MTD at 4; Kitsap MTD at 4. True enough, but irrelevant. Here, "[a]ny injury suffered by Plaintiffs emanated from the state law itself." *Mitchell v. Atkins*, 387 F. Supp. 3d 1193, 1201 (W.D. Wash. 2019). Accordingly, Plaintiffs have not pleaded a claim under *Monell* but have sued the County Defendants as representatives of the *state*.

An official capacity suit against a county official can nevertheless be a suit against the state where the sued official acts on behalf of the state in executing the function that is the subject of the suit. *See Buffin v. California*, 23 F.4th 951, 956 (9th Cir. 2022). To determine whether an official is acting as a representative of the state involves asking (1) "whether governmental officials are final policymakers for the local government in a particular area, or on a particular issue," and (2) "the definition of the official's functions under relevant state law." *McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 785–86 (1997). Washington courts have examined the role of prosecutors in enforcing state law under a slightly modified version of the *McMillian* analysis and held that "county prosecutors in Washington represent the State, not their counties, when prosecuting violations of state law." *Whatcom Cnty. v. State*, 993 P.2d 273, 280 (Wash. Ct. App. 2000); *see also* RCW 36.16.030, 2008 Legislative Findings ("The legislature finds that an elected county prosecuting attorney functions as both a state officer in pursuing criminal cases on behalf of the state of Washington, and as a county officer who acts as civil counsel for the county."). And Washington sheriffs too, when "acting in a law enforcement capacity are considered to be representing their state." *Voag v. Fish*, No. 19-cv-1588-MJP, 2020 WL 3433145, at *2 (W.D. Wash. June 23, 2020); *see also Manders v. Lee*, 338 F.3d 1304, 1313 (11th Cir. 2003) (noting that in Georgia "the sheriff directly represents the sovereignty of the State, has no superior in his county, and performs state functions for the sovereign in enforcing the laws and keeping the peace"). And this makes sense, since they have key enforcement roles for a new Washington state law. If it were otherwise, a state could keep its laws from being enjoined by appointing municipal agents to enforce them without granting them policymaking authority (to open up the possibility of *Monell* liability).

Pls.' Opp. to Kitsap and Snohomish County Defs.' R. 12(b)(6) Mots. to Dismiss - 5

*Hartford v. Ferguson*, No. 3:23-cv-05364-RJB

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

The County Defendants, as state officials who have been sued in their official capacity for injunctive and declaratory relief, are appropriate defendants to this lawsuit. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). And as state officials sued in their official capacity for prospective relief, the Eleventh Amendment poses no bar to Plaintiffs' suit for prospective injunctive relief. *Ex parte Young*, 209 U.S. 123 (1908). Under *Ex parte Young*, Plaintiffs may sue government officials in their official capacity to remedy a "continuing violation[] of federal law by a state or its officers." *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (internal quotation marks omitted). *Ex parte Young* applies to suits against county officials, *Moore v. Urquhart*, 899 F.3d 1094, 1103 (9th Cir. 2018), and requires only that there is "some connection between a named state officer and enforcement of a challenged state law," *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004) (internal quotation marks omitted).

The County Defendants have a "direct duty" to enforce the Ban. *Id.*; *Mitchell*, 387 F. Supp. 3d at 1200. The county prosecutors are charged with "[p]rosecut[ing] all criminal and civil actions in which the state or the county may be a party." RCW 36.27.020(4). The sheriffs are "conservator[s] of the peace of the[ir] count[ies]" charged with "arrest[ing] and commit[ting] to prison . . . all persons guilty of public offenses." RCW 36.28.010(1). That is enough to make them appropriate defendants under *Ex parte Young*. *Sullivan v. Ferguson*, No. 3:22-cv-5403-DGE, 2022 WL 13969427, at *7 (W.D. Wash. Oct. 24, 2022).

The County Defendants protest that "[l]iability against an individual defendant under § 1983 can only arise upon a showing that the defendant personally participated in a constitutional violation" and Plaintiffs have not alleged any actions taken by the Defendants themselves to cause their constitutional injuries. Snohomish MTD at 4–5; Kitsap MTD at 4–5. But Plaintiffs are not suing the County Defendants in their individual capacities or trying to hold them liable for damages, only to enjoin them from enforcing the challenged law in the future—and for that, their personal participation in enforcing the laws against Plaintiffs (or lack thereof) "is beside the point." *Mitchell*, 387 F. Supp 3d at 1200. Because the County Defendants have the power and duty to enforce the Ban in the counties where Plaintiffs Hartford and Bass reside, they are appropriate

Pls.' Opp. to Kitsap and Snohomish County Defs.' R. 12(b)(6) Mots. to Dismiss - 6

*Hartford v. Ferguson*, No. 3:23-cv-05364-RJB

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

defendants and their motions must be denied. Importantly, *Ex parte Young* provides an independent method for suing county officials with a connection to the enforcement of a challenged state law even if they do not qualify as appropriate Section 1983 defendants under *McMillian*. *See Sullivan*, 2022 WL 13969427, at *6–7. This means that even if the Court were to find that either or both the prosecutors and sheriffs do not qualify as state officials, it would still be inappropriate to dismiss them as defendants. *See id.*

**B.      Plaintiffs Do Not Seek Damages.**

The County Defendants appear to argue that this Court should dismiss Plaintiffs' claim for damages. *See* Snohomish MTD at 3 ("The Court Should Dismiss Plaintiffs' Claims for Damages…"); Kitsap MTD at 3. They do not explain the basis for their belief that Plaintiffs have sought damages, and in fact Plaintiffs have not. *See* Compl. at Prayer for Relief ¶ 3. It appears that the County Defendants may be referring to Plaintiffs' request for attorney's fees under 42 U.S.C. § 1988. *Id.* Assuming that is correct, the County's motion must be denied. Under Section 1988 the district court "may allow the prevailing party…a reasonable attorney's fee as part of the costs." *Hensley v. Eckerhart*, 461 U.S. 424, 426 (1983) (internal quotation marks omitted). The Ninth Circuit has "recognize[d] that costs and attorney's fees are not 'damages,'" *Motorola, Inc. v. Fed. Express Corp.*, 308 F.3d 995, 1007 n.13 (9th Cir. 2002), and that "a court's discretion to deny fees under § 1988 is very narrow." *BFI Med. Waste Sys. v. Whatcom Cnty.*, 983 F.2d 911, 914 (9th Cir. 1993); *see also id.* ("[F]ee awards should be the rule rather than the exception.") (internal quotation marks omitted). Just as the Eleventh Amendment does not bar prospective injunctive relief, it does not "not prevent an award of attorney's fees against [officials sued] in their official capacities" under *Ex parte Young*. *Hutto v. Finney*, 437 U.S. 678, 692 (1978); *see id.* at 692–93 ("We see no reason to distinguish [fees] from any other penalty imposed to enforce a prospective injunction."). Because the County Defendants "properly were sued in their official capacity, fees may also be available from the State under § 1988." *Kentucky v. Graham*, 473 U.S. 159, 170 (1985).

### IV.  CONCLUSION

The Court should deny the County Defendants' motions to dismiss.

Pls.' Opp. to Kitsap and Snohomish County Defs.' R. 12(b)(6) Mots. to Dismiss - 7

*Hartford v. Ferguson*, No. 3:23-cv-05364-RJB

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

I certify that this memorandum contains 2,469 words, in compliance with the Local Civil Rules.

///

///

///

June 5, 2023

Ard Law Group PLLC

By: _____

Joel B. Ard, WSBA # 40104
Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
206.701.9243
Joel@Ard.law

*Attorney For Plaintiffs*

Pls.' Opp. to Kitsap and Snohomish County Defs.' R. 12(b)(6) Mots. to Dismiss - 8

*Hartford v. Ferguson*, No. 3:23-cv-05364-RJB

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243