UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAWRENCE HARTFORD; DOUGLAS MITCHELL; BRETT BASS; SPORTING SYSTEMS VANCOUVER, INC.; SECOND AMENDMENT FOUNDATION, INC.; AND FIREARMS POLICY COALITION, INC., <br><br>Plaintiffs, <br><br>v. <br><br>BOB FERGUSON, in his official capacity as Washington State Attorney General; JOHN R. BATISTE, in his official capacity as Chief of the Washington State Patrol; JOHN GESE, in his official capacity as Sheriff for Kitsap County; CLAYTON MYERS, in his official capacity as Sheriff for Kittitas County; JOHN HORCH, in his official capacity as Sheriff for Clark County; ADAM FORTNOY, in his official capacity as Sherriff for Snohomish County; CHAD M. ENRIGHT, in his official capacity as County Prosecutor for Kitsap County; GREGORY L. ZEMPEL, in his official capacity as County Prosecutor for Kittitas County; TONY GOLIK, in his official capacity as County Prosecutor for Clark County, JASON CUMMINGS, in his official capacity as County Prosecutor for Snohomish County, <br><br>Defendants. | CASE NO. 3:23-cv-05364-RJB <br><br>ORDER GRANTING ALLIANCE FOR GUN RESPONSIBILITY'S MOTION TO INTERVENE AS A DEFENDANT |

This matter comes before the Court on Alliance for Gun Responsibility's ("Alliance") Motion to Intervene as Defendant. Dkt. 25. The Court has considered the pleadings filed regarding the motion and the remaining file.

ORDER GRANTING ALLIANCE FOR GUN RESPONSIBILITY'S MOTION TO INTERVENE AS A DEFENDANT - 1

## I. FACTS AND PROCEDURAL HISTORY

On April 25, 2023, Substitute House Bill 1240 ("HB 1240") was enacted in the State of Washington.  2023 Wash. Sess. Laws, ch. 162, § 1.  HB 1240 prohibits the manufacture, importation, distribution or sale of "assault weapons" with certain exceptions.  *Id.*  Alliance is a public interest group that spent more than seven years working to enact the restrictions on assault weapons contained in HB 1240.  Dkt. 26-1 at 4.  It asserts that it assisted in policy research and development, organized public support, communicated with legislators, and organized testimony in support of HB 1240.  *Id.*

The Plaintiffs, individual gun owners who wish to purchase weapons on the list, a gun dealer, and two associations of gun owners dedicated to Second Amendment advocacy, filed this case on April 25, 2023 alleging that HB 1240 violates their Second Amendment rights, as applied to enactments of Washington through the Fourteenth Amendment.  Dkt. 1.  On May 5, 2023, the Plaintiffs moved for an order preliminarily enjoining enforcement of HB 1240.  Dkt. 10.

On May 11, 2023, Alliance filed the instant motion to intervene as a defendant in this case pursuant to Fed. R. Civ. P. ("Rule") 24(b)(1), permissive intervention, or, in the alternative, under Rule 24(a), intervention as a matter of right.  Dkt. 25.  The Plaintiffs opposed the motion (Dkt. 33) and Alliance filed a reply (Dkt. 51).  The motion is ripe for review.

## II. DISCUSSION

**A. STANDARD**

Rule 24(b)(1) provides, in relevant part, that "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(3) goes on to provide that "[i]n exercising its discretion, the court must

consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  In the Ninth Circuit, "permissive intervention requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).

**B. ALLIANCE'S INTERVENTION**

Alliance's motion for permissive intervention pursuant to Rule 24(b)(1) (Dkt. 25) should be granted.  There are no grounds from which to conclude that Alliance's intervention will "unduly delay or prejudice the adjudication of the original parties' rights."  Rule 24(b)(3).

1. Independent Ground for Jurisdiction

"[T]he independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims." *Freedom from Religion Found.* at 844.  The Plaintiffs claim that this Court has federal question jurisdiction under 28 U.S.C. § 1331.  Dkt. 1 at 3.  Alliance does not seek to assert any new state law claims in this case.  Dkt. 25.  This factor does not apply.

2. Timeliness

In assessing whether a motion to intervene is timely, courts consider "the stage of the proceeding, prejudice to other parties, and the reason for and length of the delay." *Babbitt* at 1397.

Alliance's motion to intervene is timely.  It was filed at the very beginning of the case - a little over two weeks after the case was filed.  There is no showing of prejudice to the other parties.  At the time the motion was filed no substantive rulings had issued and no discovery had occurred.  There was no delay in filing the motion.

### 3. Common Question of Law and Fact

Alliance has demonstrated that there is a common question of law and fact between its defenses and the main action. The Plaintiffs challenge the constitutionality of HB 1240. Alliance's proposed defense of the law addresses the same issues raised by the Plaintiffs' challenge. This Court has previously held that Alliance raised sufficient common questions of law and fact in cases where it sought to intervene in order to defend the constitutionality of measures it helped draft and support. *Sullivan v. Ferguson,* 2022 WL 10428165 at *5 (W.D. Wash. Oct. 18, 2022); *Nw Sch. Of Safety v. Ferguson,* 2015 WL 311522 at *2 (W.D. Wash. Oct. 18, 2022).

### 4. Conclusion

Alliance's motion to intervene as a defendant under Rule 24(b)(1) should be granted. Alliance's knowledge of the relevant subject matter will provide a helpful perspective that is not necessarily represented by other Defendants. *Sullivan* at 11; *Cal. Dump Truck Owners Ass'n v. Nichols,* 275 F.R.D. 303, 309 (E.D. Cal. 2001). The caption should be amended to include it.

A public interest group like Alliance is entitled "as a matter of right to intervene in an action challenging the legality of a measure it has supported" if it meets the other requirements of Rule 24(a). *Idaho Farm Bureau Fed'n v. Babbitt,* 58 F.3d 1392, 1397 (9th Cir. 1995). The Court need not reach this alternative ground for intervention as of right under Rule 24(a), however, because permissive intervention should be granted.

### III. ORDER

It is **ORDERED** that:

- Alliance for Gun Responsibility's Motion to Intervene as Defendant (Dkt. 25) **IS GRANTED;** and

- The caption **IS AMENDED** to include Alliance for Gun Responsibility as a Defendant.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 6th day of June, 2023.

ROBERT J. BRYAN
United States District Judge