UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAWRENCE HARTFORD; DOUGLAS MITCHELL; BRETT BASS; SPORTING SYSTEMS VANCOUVER, INC.; SECOND AMENDMENT FOUNDATION, INC.; AND FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BOB FERGUSON, in his official capacity as Washington State Attorney General; JOHN R. BATISTE, in his official capacity as Chief of the Washington State Patrol; JOHN GESE, in his official capacity as Sheriff for Kitsap County, Washington; CLAYTON MYERS, in his official capacity as Sheriff for Kittitas County; JOHN HORCH, in his official capacity as Sheriff for Clark County; ADAM FORTNOY, in his official capacity as Sherriff for Snohomish County; CHAD M. ENRIGHT, in his official capacity as County Prosecutor for Kitsap County; GREGORY L. ZEMPEL, in his official capacity as County Prosecutor for Kittitas County; TONY GOLIK, in his official capacity as County Prosecutor for Clark County, JASON CUMMINGS, in his official capacity as County Prosecutor for Snohomish County, and ALLIANCE FOR GUN RESPONSIBILITY <br><br> Defendants. | CASE NO. 3:23-cv-05364-RJB <br><br> ORDER ON MOTION FOR LEAVE TO FILE BRIEF AMICI CURIAE |

ORDER ON MOTION FOR LEAVE TO FILE BRIEF AMICI CURIAE - 1

|     |     |
| --- | --- |
| 1   | This matter comes before the Court on the Motion for Leave to File Brief Amici Curiae |
| 2   | on Behalf of Washington Gun Rights and the American Firearms Association in Support of |
| 3   | Plaintiffs' Motion for Preliminary Injunction. Dkt. 34. The Court has considered the pleadings |
| 4   | filed regarding the motion and the remaining file. |

I. **FACTS AND PROCEDURAL HISTORY**

In this case, the Plaintiffs challenge a recently enacted Washington State assault weapons regulation, Substitute House Bill 1240 ("HB 1240"), arguing that it violates their constitutional right to bear arms. Dkt. 1. The Plaintiffs' motion for preliminary injunction was denied on June 6, 2023. Dkt. 55. The facts and procedural history are in the June 6, 2023 Order Denying Motion for Preliminary Injunction (Dkt. 55 at 1-3) and are adopted here. The moving parties seek leave to file an amici curiae brief in support of the Plaintiffs' motion for preliminary injunction. Dkt. 34.

II. **DISCUSSION**

A. **STANDARD FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF**

The role of amicus curiae is to "assist[] in a case of general public interest, supplement[] the efforts of counsel, and draw[] the court's attention to law that escaped consideration." *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). They are not parties to the case. *Id.*

B. **MOTION FOR LEAVE TO FILE BRIEF**

The motion (Dkt. 34) should be denied as moot. The motion for preliminary injunction was denied on June 6, 2023. Dkt. 55.

Moreover, the Proposed Amici do not meet the requirements of *Miller-Wohl* - they do not supplement the efforts of the Plaintiffs' counsel or draw the Court's attention to relevant law

which was not addressed. The Proposed Amici include extra-record facts in the briefs. Insofar as it may be appropriate to add claims or facts, it should be done through the parties' counsel, so the protections found in due process, the Federal Rules of Civil Procedure relating to discovery, and the Federal Rules of Evidence are assured. While the Court has considered the Proposed Amici's brief, it is not relevant to, and the Court did not consider it, in the decision on the motion for preliminary injunction.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 12th day of June, 2023.

*[signature]*

ROBERT J. BRYAN
United States District Judge