UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAWRENCE HARTFORD; DOUGLAS MITCHELL; BRETT BASS; SPORTING SYSTEMS VANCOUVER, INC.; SECOND AMENDMENT FOUNDATION, INC.; AND FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BOB FERGUSON, in his official capacity as Washington State Attorney General; JOHN R. BATISTE, in his official capacity as Chief of the Washington State Patrol; JOHN GESE, in his official capacity as Sheriff for Kitsap County, Washington; CLAYTON MYERS, in his official capacity as Sheriff for Kittitas County; JOHN HORCH, in his official capacity as Sheriff for Clark County; ADAM FORTNOY, in his official capacity as Sherriff for Snohomish County; CHAD M. ENRIGHT, in his official capacity as County Prosecutor for Kitsap County; GREGORY L. ZEMPEL, in his official capacity as County Prosecutor for Kittitas County; TONY GOLIK, in his official capacity as County Prosecutor for Clark County, JASON CUMMINGS, in his official capacity as County Prosecutor for Snohomish County, and ALLIANCE FOR GUN RESPONSIBILITY <br><br> Defendants. | CASE NO. 3:23-cv-05364-RJB <br><br> ORDER ON KITSAP COUNTY DEFENDANTS' AND SNOHOMISH COUNTY DEFENDANTS' MOTIONS TO DISMISS |

1    This matter comes before the Court on Defendants Chad Enright's, County Prosecutor for Kitsap County, Washington, and John Gese's, Sheriff for Kitsap County, Washington (collectively "Kitsap County Defendants") Motion to Dismiss 42 U.S.C. § 1983 and § 1988 Claims and Damages (Dkt. 32) and Defendants Jason Cummings', County Prosecutor for Snohomish County, Washington, and Adam Fortney's, Sheriff for Snohomish County, Washington (collectively "Snohomish County Defendants") Motion to Dismiss Plaintiffs' 42 U.S.C. § 1983 and 42 U.S.C. § 1988 Claims and Damages (Dkt. 38).  The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

In this case, the Plaintiffs challenge a recently enacted Washington State assault weapons regulation, Substitute House Bill 1240 ("HB 1240"), arguing that it violates their constitutional right to bear arms.  Dkt. 1.  The Kitsap and Snohomish County Defendants, who are named in their official capacities only, move for dismissal of the Plaintiffs' 42 U.S.C. § 1983 and 42 U.S.C. § 1988 claims, arguing that those claims fail to state a claim upon which relief can be granted.  Dkts. 32 and 38.  For the reasons provided below, the motions should be granted.

### I. FACTS AND PROCEDURAL HISTORY

On April 25, 2023, HB 1240 was enacted in the State of Washington.  2023 Wash. Sess. Laws, ch. 162, § 1.  HB 1240 prohibits the manufacture, importation, distribution or sale of "assault weapons" with certain exceptions.  *Id.*  Violation of HB 1240 is a gross misdemeanor.  *Id.*  "Assault weapons" are defined in HB 1240.  *Id.*  While the Plaintiffs maintain that these weapons are not "assault weapons," this opinion will refer to the weapons regulated under HB1240 as "assault weapons" because that is the term that is used, and defined, in the statute.

The Plaintiffs, individual gun owners who wish to purchase weapons covered by HB 1240, a gun dealer, and two associations of gun owners dedicated to Second Amendment

advocacy, filed this case on April 25, 2023, arguing that HB 1240 violates their Second Amendment rights, as applied to enactments of Washington state through the Fourteenth Amendment. Dkt. 1.

As is relevant to the pending motions, according to the Complaint, Plaintiff Lawrence Hartford is a resident of Kitsap County, Washington. Dkt. 1 at 4, 15-16. The Complaint alleges that Mr. Hartford "intends to continue purchasing semiautomatic rifles which qualify as assault weapons," but due to HB 1240 has "been forced to abandon these plans to avoid facing prosecution." *Id.* Again, some of the moving parties are the Kitsap County prosecutor and sheriff.

The Complaint alleges that Plaintiff Brett Bass is a resident of Snohomish County, Washington, who intends to continue purchasing assault weapons but has been forced to abandon these plans to avoid facing prosecution under HB 1240. Dkt. 1 at 4, 17. The Snohomish County Defendants are the Snohomish County prosecutor and sheriff.

The Plaintiffs assert a single claim, entitled, "Count One: 42 U.S.C. § 1983 *Ex parte Young,* 209 U.S. 123 (1908) – Deprivation of Plaintiffs Rights under the Second and Fourteenth Amendments of the United States Constitution." Dkt. 1 at 18. The Plaintiffs seek declaratory and injunctive relief and an award of attorneys' fees pursuant to 42 U.S.C. § 1988. *Id.* at 19.

After the instant motions were filed, on June 6, 2023, the Plaintiffs' motion for preliminary injunction was denied. Dkt. 55. Additional facts and procedural history are in that order (Dkt. 55 at 1-3) and are adopted here.

In the pending motions, the Kitsap and Snohomish County Defendants move for dismissal of the Plaintiffs' claims pursuant to 42 U.S.C. § 1983, Plaintiffs' claims for damages, if any, and Plaintiffs' claims for attorneys' fees under 42 U.S.C. § 1988. Dkts. 32 and 38. The

Plaintiffs filed a single brief opposing the motions (Dkt. 53) and the Defendants replied (Dkts. 57 and 58). The motions are ripe for decision.

## II. DISCUSSION

### A. STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547.

### B. SECOND AND FOURTEENTH AMENDMENT CLAIMS AGAINST KITSAP COUNTY AND SNOHOMISH COUNTY DEFENDANTS ASSERTED PURSUANT TO 42 U.S.C. § 1983 IN THEIR OFFICIAL CAPACITIES

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(*overruled on other grounds*); *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an

alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). To state a § 1983 claim, a plaintiff must set forth the specific factual bases upon which he or she claims that each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Vague and conclusory allegations of official participation in a civil rights violation are not sufficient to support a claim under § 1983. *Ivey v. Bd. of Regents*, 673 F.2d 266 (9th Cir. 1982). Lawsuits brought against officials of a county or municipality in their "official capacity" are another way to plead an action against the entity of which the officer is an agent. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). These "official capacity suits" are "to be treated as a suit against the entity." *Id.*

Entities like counties may only be liable under § 1983 "for constitutional violations resulting from official county policy or custom." *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 694 (1978). "The custom or policy must be a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021).

The Kitsap and Snohomish County Defendants move for dismissal of the Plaintiffs' § 1983 claims against them arguing that the Complaint fails to allege any acts or failures to act by them which could be arguably construed as depriving the Plaintiffs of a right under the Constitution or laws of the United States. Dkts. 32 and 38. They contend that the Plaintiffs have failed to point to a policy or custom instituted by them that is the cause of any constitutional injury as required under *Monell. Id.*

The Complaint asserts claims against the Kitsap and Snohomish County Defendants in their official capacities only. Dkt. 1. In their response to the motions to dismiss, the Plaintiffs

ORDER ON KITSAP COUNTY DEFENDANTS' AND SNOHOMISH COUNTY DEFENDANTS' MOTIONS TO DISMISS - 5

confirm that they are not making a claim for monetary damages. Dkt. 53. They seek declaratory and injunctive relief only. *Id.* Further, the Plaintiffs state that they are not asserting *Monell* claims against the Kitsap and Snohomish Defendants. *Id.* The Plaintiffs argue that these Defendants are bound to enforce and prosecute state laws, so in that capacity, are acting as state officials (as opposed to county officials). *Id.*

The Kitsap and Snohomish County Defendants' motion to dismiss the Plaintiffs' § 1983 claims asserted against them (Dkts. 32 and 38) should be granted. The Complaint fails to assert personal participation by any of these Defendants. The Plaintiffs' assertion, that these County Defendants are acting as state officials when they enforce or prosecute state law, does not save the Plaintiffs' § 1983 claims. The Plaintiffs' "official capacity" suits are suits against the counties' official offices and so are to be treated as suits against the counties. *Graham* at 166. Counties are only subject to liability under § 1983 pursuant to the requirements in *Monell*. *Monell* at 694. The Plaintiffs have not alleged facts in support of a *Monell* claim and confirm that they are not making *Monell* claims. The § 1983 claims against Defendants Enright, Gese, Cummings, and Fortney should be dismissed.

Further, the dismissal of the § 1983 claims against the moving parties should be without leave to amend the Complaint. If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). If the claim is not based on a proper legal theory, the claim should be dismissed. *Id.* "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Moss v. U.S. Secret Service,* 572 F.3d 962, 972 (9th Cir. 2009).

The Plaintiffs' § 1983 claims against the Kitsap and Snohomish County Defendants are not based on a proper legal theory. It is clear that the § 1983 claims "could not be saved by any amendment." *Moss* at 972. Dismissal should be without leave to amend the Complaint.

### C.  CLAIM FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 1988

As is relevant here, § 1988 provides that "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."

Kitsap and Snohomish County Defendants' motion to dismiss the Plaintiffs' claim for attorneys' fees under 42 U.S.C. § 1988 (Dkts. 32 and 38) should be granted. As stated above, the Plaintiffs' claims for relief under § 1983 against these Defendants should be dismissed. There are no other grounds from which to conclude that the Plaintiffs would be "prevailing parties" such that they would be entitled to an award of attorneys' fees and costs under § 1988.

### D.  CONCLUSION

The Kitsap and Snohomish County Defendants' motions to dismiss (Dkts. 32 and 38) should be granted. The Plaintiffs' claims for relief under 42 U.S.C. §§ 1983 and 1988 should be dismissed with prejudice and without leave to amend.

This order does not address the Plaintiffs' claims against the Kitsap and Snohomish County Defendants pursuant to *Ex parte Young,* 209 U.S. 123 (1908), if any, for prospective and injunctive relief.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

- Defendants Chad Enright and John Gese's Motion to Dismiss 42 U.S.C. § 1983 and § 1988 Claims and Damages (Dkt. 32) **IS GRANTED**, these claims **ARE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**; and

- Defendants Jason Cummings and Adam Fortney's Motion to Dismiss Plaintiffs' 42 U.S.C. § 1983 and 42 U.S.C. § 1988 Claims and Damages (Dkt. 38) **IS GRANTED**, these claims **ARE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 13th day of June, 2023.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge