UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| LAWRENCE HARTFORD; DOUGLAS MITCHELL; BRETT BASS; SPORTING SYSTEMS VANCOUVER, INC.; SECOND AMENDMENT FOUNDATION, INC.; and FIREARMS POLICY COALITION, INC,<br><br>Plaintiffs,<br><br>v.<br><br>BOB FERGUSON, in his official capacity as Washington State Attorney General; et al.<br><br>Defendant(s). | NO. 3:23-cv-05364<br><br>**KITTITAS COUNTY DEFENDANTS ZEMPEL AND MYERS' MOTION TO DISMISS PLAINTIFFS' 42 U.S.C. § 1983 AND 42 U.S.C. § 1988 CLAIMS AND DAMAGES**<br><br>**NOTE ON MOTION CALENDAR: July 14, 2023** |

## I. INTRODUCTION AND RELIEF REQUESTED

Defendants Greg Zempel and Clayton Myers, by and through their counsel of record, Deputy Prosecuting Attorney Christopher Horner, respectfully request dismissal, with prejudice, of all claims brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §1988 in accordance with Fed. R. Civ. P. 12(b)(6). Although the Complaint challenges the constitutionality of Substitute House Bill 1240 ("SHB 1240"), it fails to allege any facts suggesting Defendants Zempel or Myers, either personally or through their roles as Kittitas County officials, engaged in a Second Amendment violation. Therefore, the Court should

DEFENDANTS ZEMPEL AND MYERS MOTION TO DISMISS
(USDC 3:23-cv-05364-RJB)
Page | 1

GREGORY L. ZEMPEL
KITTITAS COUNTY PROSECUTOR
KITTITAS COUNTY COURTHOUSE - ROOM 213
ELLENSBURG, WASHINGTON 98926-3129
TELEPHONE 509 962-7520

dismiss all claims for damages and relief under 42 U.S.C. § 1983 and § 1988 against Defendants Zempel and Myers.

## II. STATEMENT OF THE FACTS

Plaintiffs' Complaint alleges that SHB 1240 violates the Second and Fourteenth Amendments. (Dkt. 1) The Complaint further asserts that SHB 1240, signed by Governor Inslee on April 25, 2023, made it "illegal for any person in Washington to, with a handful of exceptions, 'manufacture, import, distribute, sell, or offer for sale any assault weapon.'" *Id.*, ¶26. The Complaint alleges that the individual Plaintiffs (Mr. Hartford, Mr. Mitchell, and Mr. Bass) have a present intention and desire to purchase the type of weapons that are banned by SHB1240. *Id.*, ¶¶64, 70, 77. It also alleges that Plaintiff Sporting Systems Vancouver, Inc. has a present intention and desire to sell the weapons prohibited by SHB 1240. *Id.*, ¶81.

The Complaint identifies Greg Zempel as the Kittitas County Prosecutor, and Clayton Myers as the Kittitas County Sheriff. *Id.*, ¶¶18, 22. The Complaint asserts that they are sued in their official capacities. *Id.* The Complaint alleges no other facts regarding these defendants or their conduct.

Co-Defendant Sheriffs and Prosecutors from Snohomish County and Kitsap County each filed Motions to Dismiss all claims for damages and relief under 42 U.S.C. § 1983 and § 1988 (Dkts. 38, 32), which the Court granted on June 13, 2023 (Dkt. 60).

DEFENDANTS ZEMPEL AND MYERS MOTION
TO DISMISS                    Page | 2
(USDC 3:23-cv-05364-RJB)

GREGORY L. ZEMPEL
KITTITAS COUNTY PROSECUTOR
KITTITAS COUNTY COURTHOUSE - ROOM 213
ELLENSBURG, WASHINGTON 98926-3129
TELEPHONE 509 962-7520

### III. AUTHORITY

#### a. Legal Standard

The Court must dismiss a complaint as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6) where the complaint fails "to state a claim upon which relief can be granted." A complaint "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). When considering a Rule 12(b)(6) motion to dismiss, the Court presumes all material factual allegations to be true and draws reasonable inferences in favor of the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). However, the Court is not required to accept as true any conclusory allegations of law, and unwarranted deductions of fact, or unreasonable inferences. *Id.* To state a claim on which relief may be granted, Plaintiffs must go beyond an "unadorned, the-defendant-harmed-me accusation[s]," "labels and conclusions," and "naked assertions devoid of further factual enhancement." *Iqbal* at 678 (internal citations omitted). While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. *Id.* at 664. Factual allegations themselves must be enough to demonstrate a plausible right to relief that is "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Finally, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *AE ex rel. Hernandez v. Cnty*

DEFENDANTS ZEMPEL AND MYERS MOTION
TO DISMISS                           Page | 3
(USDC 3:23-cv-05364-RJB)

GREGORY L. ZEMPEL
KITTITAS COUNTY PROSECUTOR
KITTITAS COUNTY COURTHOUSE - ROOM 213
ELLENSBURG, WASHINGTON 98926-3129
TELEPHONE 509 962-7520

*of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

### b. The Court Should Dismiss Plaintiffs' Claims for Damages and Relief Under 42 U.S.C. §1983 and §1988 Because Plaintiffs Have Failed to State a Claim Upon Which Relief Can Be Granted.

The Court should dismiss, with prejudice, all 42 U.S.C. § 1983 and § 1988 claims brought against Defendants Zempel and Myers because Plaintiffs' Complaint fails to state a valid claim for relief under these statutes.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

42 U.S.C. § 1983 "is not itself a source of substantive rights," but rather provides "a method of vindicating federal rights elsewhere conferred." *Graham v. Connor,* 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). 42 U.S.C. § 1988 is the mechanism through which successful civil rights litigants bringing claims under § 1983 can receive an award of attorney fees. See *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933 (1983).

To plead a § 1983 claim, a plaintiff must set forth facts in support of the following elements: (1) the conduct complained of must have been under color of state law, and (2) the conduct must have subjected the plaintiff to a deprivation of constitutional rights." *Jones v. Community Redevelopment Agency of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). "A prerequisite to recovery under the Civil Rights Act, 42 U.S.C. § 1983, is that the plaintiff prove that the defendants deprived him of a right secured by the Constitution and the laws of

DEFENDANTS ZEMPEL AND MYERS MOTION
TO DISMISS       Page | 4
(USDC 3:23-cv-05364-RJB)

GREGORY L. ZEMPEL
KITTITAS COUNTY PROSECUTOR
KITTITAS COUNTY COURTHOUSE - ROOM 213
ELLENSBURG, WASHINGTON 98926-3129
TELEPHONE 509 962-7520

the United States." *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985).

Liability can arise under 42 U.S.C. § 1983 with respect to an individual or a government entity. Liability against an individual defendant under § 1983 can only arise upon a showing that the defendant personally participated in a constitutional violation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To show personal participation, a plaintiff must allege that a defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.1988). A 42 U.S.C. § 1983 claim against a government entity, commonly referred to as a *Monell* claim, requires a plaintiff to demonstrate that an official policy, custom, or pattern on the part of the government entity was the actionable cause of a constitutional injury. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012). A local government may only be held liable under §1983 for acts which the government "has officially sanctioned or ordered." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S. Ct. 915 (1988) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 470, 106 S. Ct. 1292 (1986)). Claims against government officials in their "official capacity" are *Monell* claims. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

The Complaint alleges that Greg Zempel and Clayton Myers are being sued in their official capacities as Kittitas County Sheriff and Kittitas County Prosecutor. Yet, the

DEFENDANTS ZEMPEL AND MYERS MOTION
TO DISMISS
(USDC 3:23-cv-05364-RJB)

Page | 5

GREGORY L. ZEMPEL
KITTITAS COUNTY PROSECUTOR
KITTITAS COUNTY COURTHOUSE - ROOM 213
ELLENSBURG, WASHINGTON 98926-3129
TELEPHONE 509 962-7520

Complaint fails to state any facts to articulate a *Monell* claim against Kittitas County. The Complaint does not identify any County policy, custom, or pattern that was the actionable cause of any alleged constitutional injury suffered by the Plaintiffs. The Complaint also fails to set forth any facts to suggest that Defendants Zempel or Myers engaged in any conduct that deprived Plaintiffs of their rights under the Second Amendment. In fact, the complaint contains no factual allegations at all regarding either of these Defendants, other than to state their positions as government officials. No amendment of Plaintiffs' claims can fix these deficiencies. Plaintiffs cannot legally hold a county prosecutor or a county sheriff responsible for the enactment of a state statute. For this reason, the Complaint fails to state a § 1983 claim under Fed. R. Civ. 12(b)(6), fails to articulate a basis for damages or fees under §1988, and these claims must be dismissed with prejudice.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' claims for relief and damages under 42 U.S.C. § 1983 and § 1988 against Defendants Zempel and Myers should be dismissed with prejudice, as was ordered by this Court with respect to the Snohomish County and Kitsap County Defendants.

///

///

///

///

DEFENDANTS ZEMPEL AND MYERS MOTION TO DISMISS
(USDC 3:23-cv-05364-RJB)
Page | 6

GREGORY L. ZEMPEL
KITTITAS COUNTY PROSECUTOR
KITTITAS COUNTY COURTHOUSE - ROOM 213
ELLENSBURG, WASHINGTON 98926-3129
TELEPHONE 509 962-7520

I certify that this memorandum contains 1420 words, in compliance with Local Civil Rules.

DATED this 20th day of June, 2023.

GREGORY L. ZEMPEL

/s/ Christopher Horner

CHRISTOPHER HORNER, WSBA #42152
Deputy Prosecuting Attorney
Kittitas County Prosecutor's Office
205 West Fifth, Room 213
Ellensburg, WA 98926
Telephone: (509) 962-7520
christopher.horner@co.kittitas.wa.us
*Counsel for Defendants Greg Zempel and Clay Myers*

DEFENDANTS ZEMPEL AND MYERS MOTION
TO DISMISS                                  Page | 7
(USDC 3:23-cv-05364-RJB)

GREGORY L. ZEMPEL
KITTITAS COUNTY PROSECUTOR
KITTITAS COUNTY COURTHOUSE - ROOM 213
ELLENSBURG, WASHINGTON 98926-3129
TELEPHONE 509 962-7520

## CERTIFICATE OF SERVICE

The undersigned certifies as follows:

1. I am an employee of the Civil Division of the Kittitas County Prosecuting Attorney.

2. On June 20th, 2023, at Ellensburg, WA, I sent, via the Clerk of the Court using the CM/ECF system, a true and correct copy of foregoing document:

- **KITTITAS COUNTY DEFENDANTS ZEMPEL AND MYERS MOTION TO DISMISS,**

To the following individuals at the specified addresses via CM/ECF,

Joel B. Ard
Ard Law Group PLLC
PO Box 11633
Bainbridge Island, WA 98110
Joel@Ard.law

Kai A. Smith
Meha Goyal
Zachary Pekelis
Pacifica Law Group LLP
1191 Second Ave, Suite 2000
Seattle, WA 98101
kai.smith@pacificalawgroup.com
meha.goyal@pacificalawgroup.com
zach.pekelis@pacificalawgroup.com

Christine M. Palmer
Kitsap County Prosecutor's Office
614 Division Sr MS-35A
Port Orchard, WA 98366
Cmpalmer@kitsap.gov

Lyndsey M. Downs
Marget Duncan
Snohomish County Prosecutor's Office
3000 Rockefeller Ave, M/S 504
Everett, WA 98201
lyndsey.downs@co.snohomish.wa.us
margaret.duncan@co.snohomish.wa.us

Leslie A Lopez
Clark County Prosecutor's Office
PO Box 5000
Vancouver, WA 98666-5000
leslie.lopez@clark.wa.gov
amanda.migchelbrink@clark.wa.gov

Andrew W. Hughes
Assistant Attorney General's Office
800 Fifth Ave, Suite 2000
Seattle, WA 98104-3188
andrew.hughes@atg.wa.gov
Kristin.beneski@atg.wa.gov
William.mcginty@atg.wa.gov
july.simpson@atg.wa.gov

DEFENDANTS ZEMPEL AND MYERS MOTION TO DISMISS
(USDC 3:23-cv-05364-RJB)
Page | 8

GREGORY L. ZEMPEL
KITTITAS COUNTY PROSECUTOR
KITTITAS COUNTY COURTHOUSE - ROOM 213
ELLENSBURG, WASHINGTON 98926-3129
TELEPHONE 509 962-7520

Derek Lee
Angus Lee Law Firm, PLLC
9105A NE Hwy 99, Suite 200
Vancouver, WA 98666-5000
angus@angusleelaw.com

I CERTIFY under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: June 20th 2023, at Ellensburg, Washington.

_____
Christine Rice
Legal Assistant

DEFENDANTS ZEMPEL AND MYERS MOTION
TO DISMISS                                    P a g e  | 9
(USDC 3:23-cv-05364-RJB)

GREGORY L. ZEMPEL
KITTITAS COUNTY PROSECUTOR
KITTITAS COUNTY COURTHOUSE - ROOM 213
ELLENSBURG, WASHINGTON 98926-3129
TELEPHONE 509 962-7520