The Honorable Robert J. Bryan

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

8

9    LAWRENCE HARTFORD, et al.,

10                    Plaintiffs,

11            v.

12    BOB FERGUSON, in his official capacity as
      Washington State Attorney General, et al.,

13

14                    Defendants.

NO. 3:23-cv-05364-RJB

DEFENDANTS BOB FERGUSON AND
JOHN R. BATISTE'S ANSWER TO
PLAINTIFFS' COMPLAINT AND
AFFIRMATIVE DEFENSES

15

16        Defendants Bob Ferguson, in his official capacity as Washington State Attorney General,

17   and John R. Batiste, in his official capacity as Chief of the Washington State Patrol (State

18   Defendants), answer Plaintiffs' Complaint. Except as expressly admitted or qualified, State

19   Defendants deny each and every allegation, statement, or charge contained in the Complaint, and

20   deny that Plaintiffs are entitled to any of the relief requested. State Defendants deny Plaintiffs'

21   characterization of the State's laws and regulations to the extent such characterization is inconsistent

22   with the State's laws and regulations, which speak for themselves. State Defendants further deny

23   that Plaintiffs are entitled to the requested relief set forth in the introductory paragraph, or any relief.

24   Plaintiffs' Complaint contains headings that are not specifically responded to herein. To the extent

25
26

STATE DEFENDANTS' ANSWER TO
COMPLAINT
NO. 3:23-cv-05364

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    Plaintiffs' headings contain allegations to which a response is required, they are denied. State

2    Defendants answer the numbered paragraphs of Plaintiffs' Complaint as follows:

## I.    INTRODUCTION

3

4        1.    State Defendants admit that Paragraph 1 accurately quotes a portion of the Second

5    Amendment to the United States Constitution. The remainder of Paragraph 1 asserts a legal

6    conclusion that requires no response. To the extent a response is required, it is denied.

7        2.    State Defendants admit that the State has enacted a prohibition, with exceptions,

8    on the manufacture, import, distribution, sale, and offering for sale of firearms defined by State

9    law as "assault weapons." The remainder of Paragraph 2 asserts legal conclusions and argument

10   that require no response. To the extent a response is required, it is denied.

11       3.    Paragraph 3 asserts legal conclusions and argument that require no response. To

12   the extent a response is required, State Defendants deny Paragraph 3.

13       4.    State Defendants admit that Paragraph 4 accurately quotes portions of the

14   Supreme Court's opinion in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, __ U.S. __,

15   142 S. Ct. 2111 (2022). The remainder of Paragraph 4 asserts legal conclusions that require no

16   response. To the extent a response is required, it is denied.

17       5.    State Defendants deny that they "will be unable to meet their burden" under

18   *Bruen*. The remainder of Paragraph 5 asserts legal conclusions and argument that require no

19   response. To the extent a response is required, it is denied.

20       6.    Paragraph 6 contains Plaintiffs' characterization of the relief they seek and their

21   legal arguments, which require no response. To the extent a response is required, it is denied.

## II.    JURISDICTION AND VENUE

22

23       7.    Paragraph 7 asserts legal conclusions that require no response. To the extent a

24   response is required, it is denied.

25       8.    Paragraph 8 asserts legal conclusions that require no response. To the extent a

26   response is required, it is denied.

STATE DEFENDANTS' ANSWER TO
COMPLAINT
NO. 3:23-cv-05364

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

9.      Paragraph 9 asserts legal conclusions that require no response. To the extent a response is required, it is denied.

### III.    PARTIES

10.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, deny the same.

11.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, deny the same.

12.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, deny the same.

13.     State Defendants admit that the Secretary of State's records indicate that Sporting Systems Vancouver, Inc., has a principal office address in Clark County, Washington. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and, therefore, deny the same.

14.     State Defendants admit that the Secretary of State's records indicate that The Second Amendment Foundation is a nonprofit corporation with a principal office address in Bellevue, Washington. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and, therefore, deny the same.

15.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, deny the same.

16.     State Defendants admit that the Complaint names Bob Ferguson, in his official capacity as Washington State Attorney General, as a Defendant. State Defendants admit that Paragraph 16 accurately quotes a portion of Wash. Rev. Code. § 43.10.030, which speaks for itself. The remainder of Paragraph 16 asserts legal conclusions that require no response. To the extent a response is required, it is denied.

17.     State Defendants admit that the Complaint names John R. Batiste, in his official capacity as Chief of the Washington State Patrol, as a Defendant. The remainder of Paragraph 17

STATE DEFENDANTS' ANSWER TO
COMPLAINT
NO. 3:23-cv-05364

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

asserts legal conclusions that require no response. To the extent a response is required, it is denied.

18.     State Defendants admit that the Complaint names Clayton Myers, in his official capacity as Sheriff for Kittitas County, as a Defendant. The remainder of Paragraph 18 asserts legal conclusions that require no response, and the cited state law speaks for itself. To the extent a response is required, it is denied.

19.     State Defendants admit that the Complaint names John Horch, in his official capacity as Sheriff for Clark County, as a Defendant. The remainder of Paragraph 19 asserts legal conclusions that require no response, and the cited state law speaks for itself. To the extent a response is required, it is denied.

20.     State Defendants admit that the Complaint names John Gese, in his official capacity as Sheriff for Kitsap County, as a Defendant. The remainder of Paragraph 20 asserts legal conclusions that require no response, and the cited state law speaks for itself. To the extent a response is required, it is denied.

21.     State Defendants admit that the Complaint names Adam Fortney, in his official capacity as Sheriff for Snohomish County, as a Defendant. The remainder of Paragraph 21 asserts legal conclusions that require no response, and the cited state law speaks for itself. To the extent a response is required, it is denied.

22.     State Defendants admit that the Complaint names Greg Zempel, in his official capacity as County Prosecutor for Kittitas County, as a Defendant. The remainder of Paragraph 22 asserts legal conclusions that require no response, and the cited state law speaks for itself. To the extent a response is required, it is denied.

23.     State Defendants admit that the Complaint names Tony Golik, in his official capacity as County Prosecutor for Clark County, as a Defendant. The remainder of Paragraph 23 asserts legal conclusions that require no response, and the cited state law speaks for itself. To the extent a response is required, it is denied.

STATE DEFENDANTS' ANSWER TO
COMPLAINT
NO. 3:23-cv-05364

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

24.     State Defendants admit that the Complaint names Chad Enright, in his official capacity as County Prosecutor for Kitsap County, as a Defendant. The remainder of Paragraph 24 asserts legal conclusions that require no response, and the cited state law speaks for itself. To the extent a response is required, it is denied.

25.     State Defendants admit that the Complaint names Jason Cummings, in his official capacity as County Prosecutor for Snohomish County, as a Defendant. The remainder of Paragraph 25 asserts legal conclusions that require no response, and the cited state law speaks for itself. To the extent a response is required, it is denied.

## IV.     FACTUAL ALLEGATIONS

26.     State Defendants admit that Governor Jay Inslee signed House Bill 1240 (HB 1240). State Defendants admit that Paragraph 26 partially accurately quotes portions of HB 1240, which speaks for itself. Paragraph 26 is otherwise denied.

27.     State Defendants admit that Paragraph 27 partially accurately quotes portions of HB 1240, which speaks for itself. Paragraph 27 is otherwise denied.

28.     State Defendants admit that Paragraph 28 partially accurately quotes portions of HB 1240, which speaks for itself. The remainder of Paragraph 28 asserts argument and legal conclusions that require no response. Paragraph 28 is otherwise denied.

29.     Paragraph 29 asserts legal conclusions and argument that require no response, and HB 1240 speaks for itself. To the extent a response is required, Paragraph 29 is denied.

30.     State Defendants admit that HB 1240 establishes a gross misdemeanor punishable under Chapter 9A.20 Wash. Rev. Code. Paragraph 30 is otherwise denied.

31.     State Defendants admit that the effective date of HB 1240 was April 25, 2023. Paragraph 31 is otherwise denied.

32.     State Defendants admit that Paragraph 32 partially accurately quotes portions of HB 1240, which speaks for itself. Paragraph 32 is otherwise denied.

STATE DEFENDANTS' ANSWER TO
COMPLAINT
NO. 3:23-cv-05364

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

33.     State Defendants admit that Paragraph 33 partially accurately quotes portions of HB 1240, which speaks for itself. Paragraph 33 is otherwise denied.

34.     State Defendants admit that Paragraph 34 quotes portions of HB 1240, albeit with some typographical errors, which speaks for itself in any event. Paragraph 34 is otherwise denied.

35.     Paragraph 35 asserts legal conclusions and argument that require no response. The case law cited in Paragraph 35 speaks for itself and likewise requires no response. To the extent a response is required, Paragraph 35 is denied.

36.     Paragraph 36 asserts legal conclusions and argument that require no response. To the extent a response is required, Paragraph 36 is denied.

37.     The documents cited in Paragraph 37 speak for themselves, and Plaintiffs' characterizations of the information in the documents require no response. To the extent a response is required, Paragraph 37 is denied.

38.     The documents cited in Paragraph 38 speak for themselves, and Plaintiffs' characterizations of the information in the documents require no response. To the extent a response is required, Paragraph 38 is denied.

39.     Paragraph 39 asserts legal conclusions and argument that require no response. The case law cited in Paragraph 39 speaks for itself and likewise requires no response. To the extent a response is required, Paragraph 39 is denied.

40.     The document cited in Paragraph 40 speaks for itself, and Plaintiffs' characterizations of the information in the document require no response. To the extent a response is required, Paragraph 40 is denied.

41.     The documents cited in Paragraph 41 speak for themselves, and Plaintiffs' characterizations of the information in the documents require no response. To the extent a response is required, Paragraph 41 is denied.

STATE DEFENDANTS' ANSWER TO COMPLAINT
NO. 3:23-cv-05364

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1        42.    The documents cited in Paragraph 42 speak for themselves, and Plaintiffs'

2    characterizations of the information in the documents require no response. To the extent a

3    response is required, Paragraph 42 is denied.

4        43.    Paragraph 43 asserts legal conclusions and argument that require no response.

5    The case law cited in Paragraph 43 speaks for itself and likewise requires no response. To the

6    extent a response is required, State Defendants deny Paragraph 43.

7        44.    The documents cited in Paragraph 44 speak for themselves, and Plaintiffs'

8    characterizations of the information in the documents require no response. To the extent a

9    response is required, Paragraph 44 is denied.

10       45.    The document cited in Paragraph 45 speaks for itself, and Plaintiffs'

11   characterizations of the information in the document require no response. To the extent a

12   response is required, Paragraph 45 is denied.

13       46.    The document cited in Paragraph 46 speaks for itself, and Plaintiffs'

14   characterizations of the information in the document require no response. To the extent a

15   response is required, Paragraph 46 is denied.

16       47.    The document cited in Paragraph 47 speaks for itself, and Plaintiffs'

17   characterizations of the information in the document require no response. To the extent a

18   response is required, Paragraph 47 is denied.

19       48.    The documents cited in Paragraph 48 speak for themselves, and Plaintiffs'

20   characterizations of the information in the documents require no response. To the extent a

21   response is required, Paragraph 48 is denied.

22       49.    Plaintiffs' argumentative characterizations of the alleged facts and hypothetical

23   speculation in Paragraph 49 require no response. To the extent a response is required, Paragraph

24   49 is denied.

25

26

STATE DEFENDANTS' ANSWER TO
COMPLAINT
NO. 3:23-cv-05364

7

50.     The documents cited in Paragraph 50 speak for themselves, and Plaintiffs' characterizations of the information in the documents require no response. To the extent a response is required, Paragraph 50 is denied.

51.     Plaintiffs' argumentative characterizations of the alleged facts in Paragraph 51 require no response. To the extent a response is required, Paragraph 51 is denied.

52.     Plaintiffs' argumentative characterizations of the alleged facts in Paragraph 52 require no response. To the extent a response is required, Paragraph 52 is denied.

53.     Plaintiffs' argumentative characterizations of the alleged facts in Paragraph 53 require no response. To the extent a response is required, Paragraph 53 is denied.

54.     The documents cited in Paragraph 54 speak for themselves, and Plaintiffs' characterizations of the information in the documents require no response. To the extent a response is required, Paragraph 54 is denied.

55.     Plaintiffs' argumentative characterizations of the alleged facts, legal conclusions, and arguments in Paragraph 55 require no response. To the extent a response is required, Paragraph 55 is denied.

56.     Plaintiffs' argumentative characterizations of the alleged facts, legal conclusions, and arguments in Paragraph 56 require no response. To the extent a response is required, Paragraph 56 is denied.

57.     Plaintiffs' argumentative characterizations of the alleged facts, legal conclusions, and arguments in Paragraph 57 require no response. To the extent a response is required, Paragraph 57 is denied.

A.     **Statement of Facts Relating to Lawrence Hartford**

58.     Paragraph 58 requires no response.

59.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, deny the same.

STATE DEFENDANTS' ANSWER TO COMPLAINT
NO. 3:23-cv-05364

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

60.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, therefore, deny the same.

61.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, therefore, deny the same.

62.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, therefore, deny the same.

63.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, therefore, deny the same.

64.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, therefore, deny the same.

**B.     Statement of Facts Relating to Doug Mitchell**

65.     Paragraph 65 requires no response.

66.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, therefore, deny the same.

67.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, deny the same.

68.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, therefore, deny the same.

69.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, therefore, deny the same.

70.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, therefore, deny the same.

**C.     Statement of Facts Relating to Brett Bass**

71.     Paragraph 71 requires no response.

72.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, therefore, deny the same.

STATE DEFENDANTS' ANSWER TO COMPLAINT
NO. 3:23-cv-05364                    9                    ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

73.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, therefore, deny the same.

74.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, therefore, deny the same.

75.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, deny the same.

76.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, therefore, deny the same.

77.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, therefore, deny the same.

**D.     Statement of Facts Relating to Sporting Systems Vancouver, Inc.**

78.     Paragraph 78 requires no response.

79.     State Defendants admit that Secretary of State records indicate that Sporting Systems Vancouver, Inc., is a for profit corporation with a principal office address in Clark County, Washington. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79 and, therefore, deny the same.

80.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, therefore, deny the same.

81.     State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, therefore, deny the same.

82.     The case law cited in Paragraph 82 speaks for itself and requires no response. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82, and, therefore, deny the same.

STATE DEFENDANTS' ANSWER TO COMPLAINT
NO. 3:23-cv-05364                              10                ATTORNEY GENERAL OF WASHINGTON
                                                                        Complex Litigation Division
                                                                        800 Fifth Avenue, Suite 2000
                                                                          Seattle, WA 98104-3188
                                                                              (206) 464-7744

## V.  CAUSE OF ACTION

**A.**    **Count One: 42 U.S.C. § 1983 & Ex Parte Young, 209 U.S. 123 (1908) – Deprivation of Plaintiffs' Rights under the Second and Fourteenth Amendments of the United States Constitution**

83.    Paragraph 83 requires no response.

84.    State Defendants admit that the text of the Second Amendment is, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

85.    Paragraph 85 states a legal conclusion that requires no response, and the cited cases speak for themselves. To the extent a response is required, Paragraph 85 is denied.

86.    Paragraph 86 states a legal conclusion that requires no response, and the cited case speaks for itself. To the extent a response is required, Paragraph 86 is denied.

87.    Paragraph 87 is denied.

88.    Paragraph 88 asserts legal conclusions that require no response. To the extent a response is required, it is denied.

89.    Paragraph 89 asserts legal conclusions that require no response. To the extent a response is required, it is denied.

90.    State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and, therefore, deny the same.

91.    Paragraph 91 is denied.

92.    Paragraph 92 is denied.

## VI.  PRAYER FOR RELIEF

This section of the Complaint assert Plaintiffs' requests for relief, to which no response is required. To the extent a response is required, State Defendants deny Plaintiffs are entitled to the relief requested, or any relief.

## VII.  AFFIRMATIVE DEFENSES

State Defendants' affirmative defenses to the Complaint are set forth below. By setting

STATE DEFENDANTS' ANSWER TO COMPLAINT
NO. 3:23-cv-05364

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   forth the following allegations and defenses, State Defendants do not assume the burden of proof

2   on any matter or issue other than those on which they have the burden of proof as a matter of

3   law.

4         1.   Officials sued in their official capacity acting on behalf of the State are immune

5   from suit.

6         2.   This Court lacks subject matter jurisdiction.

7         3.   Plaintiffs lack standing to sue either individually or on behalf of others.

8         4.   Plaintiffs' claims are not ripe.

9         5.   Plaintiffs have failed to state a claim upon which relief can be granted.

10   State Defendants reserve the right to assert additional defenses and affirmative defenses

11   as established by the facts of this case. State Defendants also adopt and incorporate by reference

12   any and all other defenses asserted by any other defendant in this matter to the extent State

13   Defendants may share in such defense.

14   WHEREFORE, having fully answered Plaintiffs' Complaint and having asserted

15   defenses and affirmative defenses, State Defendants respectfully request that Plaintiffs'

16   requested relief be denied, that Plaintiffs' Complaint be dismissed with prejudice, that State

17   Defendants be awarded their costs and reasonable attorney fees as may be provided by statute or

18   other law, and that the Court award such other relief as the Court deems just and equitable.

19   DATED this 27th day of June, 2023.

20                     ROBERT W. FERGUSON
                  Attorney General

21

22                     *s/ R. July Simpson*

23                     ANDREW R.W. HUGHES, WSBA #49515
                  R. JULY SIMPSON, WSBA #45869

24                     WILLIAM MCGINTY, WSBA #41868
                  Assistant Attorneys General

25                     *Attorneys for State Defendants*

26

STATE DEFENDANTS' ANSWER TO
COMPLAINT
NO. 3:23-cv-05364

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1

## **DECLARATION OF SERVICE**

2      I hereby declare that on this day I caused the foregoing document to be electronically

3   filed with the Clerk of the Court using the Court's CM/ECF System which will serve a copy of

4   this document upon all counsel of record.

5      DATED this 27th day of June, 2023, at Seattle, Washington.

6

7                                          *s/ R. July Simpson*
                                           R. JULY SIMPSON, WSBA #45869
8                                          Assistant Attorney General

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STATE DEFENDANTS' ANSWER TO
COMPLAINT
NO. 3:23-cv-05364                              13                   ATTORNEY GENERAL OF WASHINGTON
                                                                       Complex Litigation Division
                                                                       800 Fifth Avenue, Suite 2000
                                                                         Seattle, WA 98104-3188
                                                                            (206) 464-7744