HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

LAWRENCE HARTFORD, et al.,

Plaintiffs,

-vs-

BOB FERGUSON, in his official capacity as Washington State Attorney General, et al.,

Defendants.

NO. 3:23-cv-05364-RJB

DEFENDANTS JOHN HORCH AND TONY GOLIK'S MOTION TO DISMISS 42 U.S.C. §1983 & §1988 CLAIMS AND DAMAGES

Note on Motion Calendar: 7/14/2023

## I. RELIEF REQUESTED

Defendants John Horch and Tony Golik, by and through their counsel of record Chief Civil Deputy Prosecuting Attorney Leslie A. Lopez and Amanda Migchelbrink, Senior Deputy Prosecuting Attorney, respectfully request dismissal, with prejudice, of all claims brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 in accordance with Fed. R. Civ. P. 12(b)(6). While the Complaint challenges the constitutionality of Senate House Bill 1240 ("SHB 1240"), it fails to allege any facts to suggest that Defendants John Horch and Tony Golik, either personally or through their roles as Clark County officials, engaged in a Second Amendment violation. For this reason, all claims against Defendants John Horch and Tony Golik for damages and relief under 42

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISON
1300 FRANKLIN ST., SUITE 380 * PO BOX 5000
VANCOUVER, WA 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

U.S.C. §1983 and §1988 should be dismissed.

## II. STATEMENT OF FACTS

Plaintiffs filed this lawsuit on April 25, 2023. Dkt. 1. Plaintiffs' Complaint attempts to challenge SHB 1240 on the basis that it allegedly violates the Second Amendment. Dkt. 1. According to the Complaint, SHB 1240 was signed into law by Governor Inslee on April 25, 2023. Dkt. 1, ¶26. The Complaint asserts that SHB 1240 makes it illegal for any person in Washington to manufacture, import, distribute, or sell assault weapons. Dkt. 1, ¶26.

The Complaint alleges that several of the Plaintiffs (Mr. Hartford, Mr. Mitchell, Mr. Bass) have a present intention and desire to purchase the type of weapons that are banned by SHB 1240. Id., ¶64, 70, 77. The Complaint alleges that Plaintiff Sporting Systems Vancouver, Inc. has a present intention and desire to sell the weapons prohibited by SHB 1240. Id., ¶81.

The Complaint identifies John Horch as the Clark County Sheriff. Id., ¶20. The Complaint identifies Tony Golik as the Clark County Prosecutor. Id., ¶24. The Complaint asserts that John Horch and Tony Golik are sued in their official capacities. Id., ¶20, 24. The Complaint alleges no other facts regarding these defendants or their conduct.

## III. AUTHORITY

### A. <u>Legal Standard</u>

The Court must dismiss a complaint as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6) where the complaint fails "to state a claim upon which relief can be granted." A complaint "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). When considering a Rule 12(b)(6) motion to dismiss, the Court presumes all material factual allegations to be true and draws reasonable inferences in favor of the non-moving party. *Sprewell v. Golden State*

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISON
1300 FRANKLIN ST., SUITE 380 * PO BOX 5000
VANCOUVER, WA 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

*Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). However, the Court is not required to accept as true any conclusory allegations of law, and unwarranted deductions of fact, or unreasonable inferences. *Id.*

To state a claim on which relief may be granted, Plaintiffs must go beyond an "unadorned, the-defendant-harmed-me accusation[s]," "labels and conclusions," and "naked assertions devoid of further factual enhancement." *Iqbal* at 678 (internal citations omitted). While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. *Id.* at 664. Factual allegations themselves must be enough to demonstrate a plausible right to relief that is "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Finally, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *AE ex rel. Hernandez v. Cnty of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

## B. The Court Should Dismiss Plaintiffs Claims for Damages and Relief Under 42 U.S.C. §1983 & §1988 Because Plaintiffs Have Failed to State a Claim Upon Which Relief Can Be Granted

The Court should dismiss, with prejudice, all 42 U.S.C. §1983 and §1988 claims brought against Defendants John Horch and Tony Golik because Plaintiffs' Complaint fails to state a valid claim for relief under these statutes.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISON
1300 FRANKLIN ST., SUITE 380 * PO BOX 5000
VANCOUVER, WA 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

42 U.S.C. § 1983 "is not itself a source of substantive rights," but rather provides "a method of vindicating federal rights elsewhere conferred." *Graham v. Connor,* 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). 42 U.S.C. §1988 is the mechanism through which successful civil rights litigants bringing claims under §1983 can receive an award of attorney fees. See *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933 (1983).

To plead a §1983 claim, a plaintiff must set forth facts in support of the following elements: (1) the conduct complained of must have been under color of state law, and (2) the conduct must have subjected the plaintiff to a deprivation of constitutional rights." *Jones v. Community Redevelopment Agency of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). "A prerequisite to recovery under the Civil Rights Act, 42 U.S.C. § 1983, is that the plaintiff prove that the defendants deprived him of a right secured by the Constitution and the laws of the United States." *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985).

Liability can arise under 42 U.S.C. §1983 with respect to an individual or a government entity. Liability against an individual defendant under §1983 can only arise upon a showing that the defendant personally participated in a constitutional violation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To show personal participation, a plaintiff must allege that a defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

A 42 U.S.C. §1983 claim against a government entity, commonly referred to as a *Monell* claim, requires a plaintiff to demonstrate that an official policy, custom, or pattern on the part of the government entity was the actionable cause of a constitutional injury. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012). A local government may only be held liable under §1983

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISON
1300 FRANKLIN ST., SUITE 380 * PO BOX 5000
VANCOUVER, WA 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

for acts which the government "has officially sanctioned or ordered." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S. Ct. 915 (1988) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 470, 106 S. Ct. 1292 (1986)). Claims against government officials in their "official capacity" are *Monell* claims. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

The Complaint alleges that John Horch and Tony Golik are being sued in their official capacities as Clark County Sheriff and Clark County Prosecutor. Yet, the Complaint fails to state any facts to articulate a *Monell* claim against Clark County. The Complaint does not identify any County policy, custom, or pattern that was the actionable cause of any alleged constitutional injury suffered by the Plaintiffs. The Complaint also fails to set forth any facts to suggest that Defendants John Horch and Tony Golik engaged in any conduct that deprived Plaintiffs of their rights under the Second Amendment. In fact, the complaint contains no factual allegations at all regarding either of these defendants, other than to state their position as government officials. No amendment of Plaintiffs' claims can fix these deficiencies. Plaintiffs cannot legally hold a county prosecutor or a county sheriff responsible for the enactment of a state statute. For this reason, the Complaint fails to state a §1983 claim under Fed. R. Civ. 12(b)(6), fails to articulate a basis for damages or fees under §1988, and these claims must be dismissed with prejudice. Additionally, the Plaintiff's counsel should be sanctioned for including the Clark County Defendants because they were aware none of those Defendants took any action under the new Washington State Law.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' claims for relief and damages under 42 U.S.C. §1983 and §1989 against Defendants John Horch and Tony Golik should be dismissed with

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISON
1300 FRANKLIN ST., SUITE 380 * PO BOX 5000
VANCOUVER, WA 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

prejudice.

I certify the foregoing document contains 1,416 words, in compliance with Local Civil Rules.

Respectfully submitted this 29th day of June, 2023.

s/ Leslie A. Lopez
Leslie A. Lopez, WSBA #46118
Chief Civil Deputy Prosecuting Attorney
Clark County Prosecutor's Office – Civil Division
PO Box 5000
Vancouver WA 98666-5000
Tele: (564) 397-4755
Email: leslie.lopez@clark.wa.gov

s/ Amanda Migchelbrink
Amanda M. Migchelbrink, WSBA #34223
Senior Deputy Prosecuting Attorney
Clark County Prosecutor's Office – Civil Division
PO Box 5000
Vancouver WA 98666-5000
Tele: (564) 397-4764
Email: amanda.migchelbrink@clark.wa.gov

*Attorneys for Defendants, John Horch and Tony Golik*

DEFENDANTS HORCH AND GOLIK'S MOTION TO DISMISS
42 U.S.C. §1983 & §1988 CLAIMS AND DAMAGES
(3:23-cv-05364-RJB) – 6 of 7

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISON
1300 FRANKLIN ST., SUITE 380 * PO BOX 5000
VANCOUVER, WA 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29th, 2023, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system which will serve a copy of such filing to all parties of record as follows:

Joel B. Ard
Ard Law Group PLLC
PO Box 11633
Bainbridge Island WA 98110
joel@ard.law
*Attorney for Plaintiffs*

Lyndsey Marie Downs
Margaret Duncan
Snohomish County Prosecuting Attorney
3000 Rockefeller Avenue, M/S 504
Everett WA 98201
lyndsey.downs@co.snohomish.wa.us
margaret.duncan@co.snohomish.wa.us
*Attorneys for Defendant Adam Fortnoy and Jason Cummings*

R. July Simpson
William McGinty
Andrew W. Hughes
Kristin Beneski
Attorney General
1125 Washington Street SE
PO Box 40100
Olympia WA 98504-0100
rjulys@atg.wa.gov
William.McGinty@atg.wa.gov
Andrew.Hughes@atg.wa.gov
*Attorneys for Defendants Robert Ferguson and John R. Batiste*

Christine M. Palmer
Kitsap County Prosecuting Attorney
614 Division St. MS-35A
Port Orchard, WA 98366
cmpalmer@kitsap.gov
*Attorney for John Gese and Chad M. Enright*

Zachary J. Pekelis
Kai A. Smith
Meha Goyal
Pacifica Law Group LLP
1191 Second Avenue, Suite 2000
Seattle, WA 98101
Zach.Pekelis@pacificalawgroup.com
Kai.Smith@pacificalawgroup.com
Meha.Goyal@pacificalawgroup.com
*Attorneys for Intervenor-Defendant Alliance for Gun Responsibility*

Christopher E. Horner
Kittitas County Prosecuting Attorney
Room 213, Kittitas County Courthouse
205 W 5th
Ellensburg, WA 98926
christpher.horner@co.kittitas.wa.us
Attorney for Defendants,
*Clayton Myers and Gregory L. Zempel*

Dated June 29th, 2023.

s/ Nichole Carnes
Nichole Carnes, Legal Assistant

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISON
1300 FRANKLIN ST., SUITE 380 * PO BOX 5000
VANCOUVER, WA 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)