UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAWRENCE HARTFORD; DOUGLAS MITCHELL; BRETT BASS; SPORTING SYSTEMS VANCOUVER, INC.; SECOND AMENDMENT FOUNDATION, INC.; AND FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BOB FERGUSON, in his official capacity as Washington State Attorney General; JOHN R. BATISTE, in his official capacity as Chief of the Washington State Patrol; JOHN GESE, in his official capacity as Sheriff for Kitsap County, Washington; CLAYTON MYERS, in his official capacity as Sheriff for Kittitas County; JOHN HORCH, in his official capacity as Sheriff for Clark County; ADAM FORTNOY, in his official capacity as Sherriff for Snohomish County; CHAD M. ENRIGHT, in his official capacity as County Prosecutor for Kitsap County; GREGORY L. ZEMPEL, in his official capacity as County Prosecutor for Kittitas County; TONY GOLIK, in his official capacity as County Prosecutor for Clark County, JASON CUMMINGS, in his official capacity as County Prosecutor for Snohomish County, and ALLIANCE FOR GUN RESPONSIBILITY, <br><br> Defendants. | CASE NO. 3:23-cv-05364-RJB <br><br> ORDER ON KITTITAS DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants Gregory L. Zempel, County Prosecutor for Kittitas County, Washington and Clayton Myers, Sheriff for Kittitas County, Washington (collectively "Kittitas County Defendants") Motion to Dismiss Plaintiffs' 42 U.S.C. § 1983 and 42 U.S.C. § 1988 Claims and Damages.  Dkt. 61.  The Court has considered the pleadings filed regarding the motion and the remaining record.  Although the motion is not noted for consideration until July 14, 2023, the Plaintiffs have filed a response to the motion (Dkt. 62) and the Kittitas County Defendants have filed a reply (Dkt. 68).  The motion being fully briefed, there is no reason to wait for the noting date.

In this case, the Plaintiffs challenge a recently enacted Washington State assault weapons regulation, Substitute House Bill 1240 ("HB 1240"), arguing that it violates their constitutional right to bear arms. Dkt. 1.  The Kittitas County Defendants, who are named in their official capacities only, now move for dismissal of the Plaintiffs' 42 U.S.C. § 1983 and 42 U.S.C. § 1988 claims, arguing that those claims fail to state a claim upon which relief can be granted.  Dkt. 61.

As is relevant to the pending motion, Plaintiff Doug Mitchell is a resident of Kittitas County, Washington.  Dkt. 1 at 4, 16.  The Complaint alleges that Mr. Mitchell intends to continue purchasing semiautomatic rifles which qualify as assault weapons, but due to HB 1240 has "been forced to abandon these plans to avoid facing prosecution." *Id*.  Again, the moving parties are the Kittitas County prosecutor and sheriff.

The facts and procedural history of this case are in the June 13, 2023 Order on Kitsap County Defendants' and Snohomish County Defendants' Motions to Dismiss (Dkt. 60 at 2-4) and are adopted here.  The June 13, 2023 Order dismissed the Plaintiffs' 42 U.S.C. § 1983 and 42 U.S.C. § 1988 claims against the Kitsap and Snohomish County Defendants for failure to state a claim on which relief could be granted.  Dkt. 60.  That Order noted that the Complaint failed to assert personal participation by any of the Kitsap and Snohomish County Defendants

and failed to allege facts that would support a claim pursuant to *Monell v. Dept. Social Services of the City of New York,* 436 U.S. 658 (1978). Dkt. 60. The June 13, 2023 Order found that amendment of the Complaint to try to state a claim under § 1983 would be futile. *Id.* The Plaintiffs' claims for an award of attorneys' fees under 42 U.S.C. § 1988 as a prevailing party on a § 1983 claim was also dismissed. *Id.*

The Kittitas County Defendants seek dismissal of the Plaintiffs' §§ 1983 and 1988 claims on the same grounds advanced by the Kitsap and Snohomish County Defendants. Dkt. 61. The relevant law is in the June 13, 2023 Order (Dkt. 60) and is adopted here. The same reasoning applies to the Kittitas County Defendants. The Complaint fails to assert personal participation by any of the named Kittitas County Defendants and the Complaint fails to allege facts that would support a claim pursuant to *Monell v. Dept. Social Services of the City of New York,* 436 U.S. 658 (1978). The Kittitas County Defendants' motion (Dkt. 61) should be granted and the Plaintiffs' §§ 1983 and 1988 claims should be dismissed. Dismissal should be without leave to amend.

This order does not address the Plaintiffs' claims against the Kittitas County Defendants pursuant to *Ex parte Young*, 209 U.S. 123 (1908), if any, for prospective and injunctive relief.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 29th day of June, 2023.

ROBERT J. BRYAN
United States District Judge