1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE HONORABLE JUDGE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAWRENCE HARTFORD, et al.,

               Plaintiffs,

-vs-

BOB FERGUSON, in his official capacity as
Washington State Attorney General, et al.,

               Defendants.

NO.  3:23-cv-05364-RJB

DEFENDANTS ENRIGHT AND
GESE'S ANSWER TO
PLAINTIFFS' COMPLAINT

      COMES NOW the Defendants, JOHN GESE and CHAD ENRIGHT (hereinafter "Defendants") by and through their attorney, CHRISTINE M. PALMER, Senior Deputy Prosecuting Attorney, and by way of answer to Plaintiffs' Complaint filed herein, admit, deny, and allege as follows:

## I.      Introduction

      1.      Paragraph 1 contains only opinion and conclusory statements to which no response is required. To the extent a response is required, Defendants deny the entirety of Paragraph 1.

      2.      Admit that the State has enacted a regulation prohibiting, in some respects, the manufacture, import, distribution, sale, and offering for sale of assault weapons as set forth in SHB

DEFENDANTS ENRIGHT AND GESE'S
ANSWER TO PLAINTIFFS' COMPLAINT
(3:23-cv-05364-RJB) – Page 1

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

1240. The remaining allegations in Paragraph 2 with regard to the remaining allegations in Paragraph 2 contain legal conclusions, argument, and opinion to which no response is required. To the extent a response is required, Defendants deny.

3.      Paragraph 3 constitutes legal conclusions, argument, and opinion to which no response is required. To the extent a response is required, Defendants deny.

4.      Paragraph 4 constitutes legal conclusions, argument, and opinion to which no response is required. To the extent a response is required, Defendants deny.

5.      Paragraph 5 constitutes legal conclusions, argument, and opinion to which no response is required. To the extent a response is required, Defendants deny.

6.      Defendants deny that Plaintiffs' rights have been infringed. The remaining allegations contained in Paragraph 6 constitute legal conclusions, argument, and opinion to which no response is required. To the extent a response is required, Defendants deny.

## II.      Jurisdiction And Venue

7.      Admit this Court has subject-matter jurisdiction over Plaintiffs' claims.

8.      Plaintiffs' claims against Defendants arising 42 U.S.C. § 1983 and § 1988 have been dismissed and, therefore, deny Plaintiffs seek remedies under these provisions. Admit Plaintiffs are seeking remedies under 28 U.S.C. §§1 651, 2201, and 2202.

9.      Admit venue is proper.

## III.      Parties

10.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 10 and, therefore, deny the same.

11.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 11 and, therefore, deny the same.

DEFENDANTS ENRIGHT AND GESE'S
ANSWER TO PLAINTIFFS' COMPLAINT
(3:23-cv-05364-RJB) – Page 2

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

12.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, deny the same.

13.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, deny the same.

14.     Deny that SAF's members are harmed by the enforcement of the laws and regulations challenged herein. Deny that Plaintiffs are challenging any policies, practices, or customs of Defendants as Plaintiffs have failed to identify any such policies, practices, or customs of Defendants. With regard to the remaining allegations contained in Paragraph 14, Defendants are without sufficient information to form a belief as to the truth of the allegations and, therefore, deny the same.

15.     Deny that FPC's members are harmed by the enforcement of the laws and regulations challenged herein. Deny that Plaintiffs are challenging any policies, practices, or customs of Defendants as Plaintiffs have failed to identify any such policies, practices, or customs of Defendants. With regard to the remaining allegations contained in Paragraph 14, Defendants are without sufficient information to form a belief as to the truth of the allegations and, therefore, deny the same.

16.     Admit that the Complaint sues Bob Ferguson in his official capacity as Washington State Attorney General. Admit that RCW 43.10.030 sets for the general powers and duties of the Attorney General, which include assisting in the prosecution of some crimes and to institute and prosecute certain actions on behalf of the state as set forth therein. Defendants deny the remaining allegations contained in Paragraph 16.

17.     Admit that John R. Batiste is sued in his official capacity as the Chief of the Washington State Patrol. The term "responsible for" is vague and ambiguous and, for that reason

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

Defendants cannot admit or deny the second sentence of Paragraph 17 as stated, and for that reason,
deny the same. Admit that RCW 43.43.030 sets forth the powers and duties of the Chief of the
Washington State Patrol, which include those police powers and duties as are vested in sheriffs
and peace officers generally. Defendants deny the remaining allegations contained in Paragraph
17.

18.    Admit that Clayton Myers is sued in his official capacity as Sheriff for Kittitas
County, Washington. The term "responsible for" is vague and ambiguous and, for that reason
Defendants cannot admit or deny the second sentence of Paragraph 18 as stated, and for that reason,
deny the same. Admit that RCW 36.28.010 sets forth the general duties of the Sheriff, including
to arrest and commit to prison all persons who break the peace, or attempt to break it, and all
persons guilty of public offenses. Defendant deny the remaining allegations contained in Paragraph
18.

19.    Admit that John Horch is sued in his official capacity as Sheriff for Clark County.
The term "responsible for" is vague and ambiguous and, for that reason Defendants cannot admit
or deny the second sentence of Paragraph 19 as stated, and for that reason, deny the same. Admit
that RCW 36.28.010 sets forth the general duties of the Sheriff, including to arrest and commit to
prison all persons who break the peace, or attempt to break it, and all persons guilty of public
offenses. Defendant deny the remaining allegations contained in Paragraph 19.

20.    Admit that John Gese is sued in his official capacity as Sheriff for Kitsap County.
The term "responsible for" is vague and ambiguous and, for that reason Defendants cannot admit
or deny the second sentence of Paragraph 20 as stated, and for that reason, deny the same. Admit
that RCW 36.28.010 sets forth the general duties of the Sheriff, including to arrest and commit to

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

prison all persons who break the peace, or attempt to break it, and all persons guilty of public offenses. Defendant deny the remaining allegations contained in Paragraph 20.

21.     Admit that Adam Fortney is sued in his official capacity as Sheriff for Snohomish County. The term "responsible for" is vague and ambiguous and, for that reason Defendants cannot admit or deny the second sentence of Paragraph 21 as stated, and for that reason, deny the same. Admit that RCW 36.28.010 sets forth the general duties of the Sheriff, including to arrest and commit to prison all persons who break the peace, or attempt to break it, and all persons guilty of public offenses. Defendant deny the remaining allegations contained in Paragraph 21.

22.     Admit that Greg Zempel is sued in his official capacity as County Prosecutor for Kittitas County. The term "responsible for" is vague and ambiguous and, for that reason Defendants cannot admit or deny the second sentence of Paragraph 22 as stated, and for that reason, deny the same. Admit that RCW 36.27.020 sets for the general duties of a County Prosecutor, including the prosecution of all criminal and civil actions in which the state or the county may be a party. Defendants deny the remaining allegations contained in Paragraph 22.

23.     Admit that Tony Golik is sued in his official capacity as County Prosecutor for Clark County. The term "responsible for" is vague and ambiguous and, for that reason Defendants cannot admit or deny the second sentence of Paragraph 23 as stated, and for that reason, deny the same. Admit that RCW 36.27.020 sets for the general duties of a County Prosecutor, including the prosecution of all criminal and civil actions in which the state or the county may be a party. Defendants deny the remaining allegations contained in Paragraph 23.

24.     Admit that Chad Enright is sued in his official capacity as County Prosecutor for Kitsap County. The term "responsible for" is vague and ambiguous and, for that reason Defendants cannot admit or deny the second sentence of Paragraph 24 as stated, and for that reason, deny the

DEFENDANTS ENRIGHT AND GESE'S
ANSWER TO PLAINTIFFS' COMPLAINT
(3:23-cv-05364-RJB) – Page 5

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

same. Admit that RCW 36.27.020 sets for the general duties of a County Prosecutor, including the prosecution of all criminal and civil actions in which the state or the county may be a party. Defendants deny the remaining allegations contained in Paragraph 24.

25.    Admit that Jason Cummings is sued in his official capacity as County Prosecutor for Snohomish County. The term "responsible for" is vague and ambiguous and, for that reason Defendants cannot admit or deny the second sentence of Paragraph 25 as stated, and for that reason, deny the same. Admit that RCW 36.27.020 sets for the general duties of a County Prosecutor, including the prosecution of all criminal and civil actions in which the state or the county may be a party. Defendants deny the remaining allegations contained in Paragraph 25.

### IV.    Factual Allegations

**A.    Washington's Ban on Common Semiautomatic Rifles.**

26.    Admit that Governor Jay Inslee signed SHB 1240 into law on April 25, 2023. Admit that Paragraph 26 accurately quotes portions of SHB 1240. Defendants deny the remaining allegations of Paragraph 26.

27.    Admit that Paragraph 27 accurately quotes portions of SHB 1240. Defendants deny Plaintiffs' opinions, legal arguments, and characterizations of SHB 1240.

28.    Deny that the assault weapon label is tendentious. Admit that Paragraph 28 accurately quotes the portion of SHB 1240. Defendants deny Plaintiffs' opinions, legal arguments, and characterizations of SHB 1240.

29.    Admit that SHB 1240 restricts and prohibits the acquisition or sale of those rifles governed by SHB 1240. Defendants deny the remaining allegations contained in Paragraph 29.

30.    Admit.

31.    Admit.

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

**B.      Washington Has Criminalized A Common And Important Means of Self-Defense.**

32.     Admit that Paragraph 32 accurately quotes portions of SHB 1240, namely, RCW 9.41.010(2)(a)(iv).

33.     Admit that Paragraph 33 accurately quotes portions of SHB 1240, namely RCW 9.41.010(2)(a)(iii).

34.     Admit that Paragraph 34 accurately quotes portions of SHB 1240, namely RCW 9.41.010(2)(a)(ii).

35.     Deny.

36.     Paragraph 36 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 36 and, therefore, deny the same.

37.     Paragraph 37 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, deny the same.

38.     Paragraph 38 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 38 and, therefore, deny the same.

39.     Paragraph 39 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, deny the same.

40.     Paragraph 40 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, deny the same.

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

41.    Paragraph 41 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, deny the same.

42.    Paragraph 42 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, deny the same.

43.    Paragraph 43 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 43 and, therefore, deny the same.

44.    Paragraph 44 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 44 and, therefore, deny the same.

45.    Paragraph 45 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, deny the same.

46.    Paragraph 46 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, deny the same.

47.    Paragraph 47 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, deny the same.

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

48.     Paragraph 48 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, deny the same.

49.     Paragraph 49 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, deny the same.

50.     Paragraph 50 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, deny the same.

51.     Paragraph 51 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 51 and, therefore, deny the same.

52.     Paragraph 52 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, deny the same.

53.     Paragraph 53 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, deny the same.

54.     Paragraph 54 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 54 and, therefore, deny the same.

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

55.     Paragraph 55 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, deny the same.

56.     Paragraph 56 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 56 and, therefore, deny the same.

57.     Paragraph 57 contains opinions and arguments to which no response is required. To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 57 and, therefore, deny the same.

**C.     Statement of Facts Relating to Lawrence Hartford.**

58.     The foregoing responses are hereby incorporated herein as if set forth in full.

59.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 59 and, therefore, deny the same.

60.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 60 and, therefore, deny the same.

61.      Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 61 and, therefore, deny the same.

62.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 62 and, therefore, deny the same.

63.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 63 and, therefore, deny the same.

64.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 64 and, therefore, deny the same.

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**D.      Statement of Facts Relating to Doug Mitchell.**

65.      The foregoing responses are hereby incorporated herein as if set forth in full.

66.      Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 66 and, therefore, deny the same.

67.      Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 67 and, therefore, deny the same.

68.      Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 68 and, therefore, deny the same.

69.      Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 69 and, therefore, deny the same.

70.      Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 70 and, therefore, deny the same.

**E.      Statement of Facts Relating to Brett Bass.**

71.      The foregoing responses are hereby incorporated herein as if set forth in full.

72.      Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 72 and, therefore, deny the same.

73.      Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 73 and, therefore, deny the same.

74.      Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 74 and, therefore, deny the same.

75.      Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 75 and, therefore, deny the same.

DEFENDANTS ENRIGHT AND GESE'S
ANSWER TO PLAINTIFFS' COMPLAINT
(3:23-cv-05364-RJB) – Page 11

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

76.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 76 and, therefore, deny the same.

77.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 77 and, therefore, deny the same.

**F.     Statement of Facts Relating to Sporting Systems Vancouver, Inc.**

78.     The foregoing responses are hereby incorporated herein as if set forth in full.

79.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 79 and, therefore, deny the same.

80.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, deny the same.

81.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, deny the same.

82.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 82 and, therefore, deny the same.

V.     Cause of Action

**A.     Count One: 42 U.S.C. §1983 & Ex Parte Young, 209 U.S. 123 (1908)**

83.     The foregoing responses are hereby incorporated herein as if set forth in full.

84.     Admit that Paragraph 84 accurately quotes portions of the Second Amendment.

85.     Admit.

86.     Paragraph 86 consists of legal conclusions, opinion, or argument to which no response is required. To the extent a response is deemed required, Defendants denies the same.

87.     Paragraph 87 consists of legal conclusions, opinion, or argument to which no response is required. To the extent a response is deemed required, Defendants denies the same.

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

88.     Admit that 42 U.S.C. § 1983 creates a cause of action against state actors who deprive individuals of federal constitutional rights under color of state law. Deny that Plaintiffs have stated a cause of action under 42 U.S.C. § 1983.

89.     Admit that generally *Ex parte Young*, 209 U.S. 123 (1908) provides an exception to state sovereign immunity by permitting parties to sue state officials in their official capacity for prospective injunctive and declaratory relief from unconstitutional state laws. Deny that Plaintiffs are entitled to relief.

90.     Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 90 and, therefore, deny the same.

91.     Deny.

92.     Deny.

## VI.     Prayer for Relief

Defendants deny that Plaintiffs are entitled to the relief requested in their "Prayer for Relief." Deny that Plaintiffs are entitled to attorney fees and costs. The Court has dismissed Plaintiffs' claims for attorney fees and costs under 42 U.S.C. § 1988.

## GENERAL DENIAL

Defendants deny any and all allegations of the Complaint that have not been expressly admitted.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs lack standing to sue individually and/or on behalf of others.

2.     Plaintiffs' claims are not ripe. Defendants have no authority to enact state law and took no part in the enactment of SHB 1240. Defendants have taken no action to enforce SHB 1240

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

against any Plaintiffs named herein and have made no statements or threats to enforce SHB 1240 against any Plaintiffs.

Defendants expressly reserve the right to amend this answer, including the addition or supplementation of affirmative defenses warranted by investigation and discovery, and to make such amendments either before or during trial, including asserting other defense theories or conforming the pleadings to the proof offered at the time of trial.

WHEREFORE, Defendants pray as follows:

1.     That the Plaintiffs' Complaint be dismissed with prejudice, that Defendants Enright and Gese be dismissed with prejudice from this lawsuit, and that no relief be granted to the Plaintiffs;

2.     That the Court enter judgment in favor of Defendants;

3.     That Defendants be allowed their costs and reasonable attorney fees to the extent authorized by law, statute, or equity; and

4.     All other relief as determined by the Court.

Dated this 3rd day of July, 2023.

CHAD M. ENRIGHT
Kitsap County Prosecuting Attorney

*/s/ Christine M. Palmer*
CHRISTINE M. PALMER, WSBA No. 42560
Attorney for Defendants Chad M. Enright and
John Gese

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

CERTIFICATE OF SERVICE

I certify that on July 3, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joel B Ard
Ard Law Group PLLC
PO Box 11633
Bainbridge Island, WA 98110
joel@ard.law

Lyndsey M. Downs
Margaret Duncan
Snohomish County Prosecutor's Office
3000 Rockefeller, M/S 504
Everett, WA 98201
lyndsey.downs@co.snohomish.wa.us
margaret.duncan@co.snohomish.wa.us

Andrew R.W. Hughes
Kristin Beneski
Attorney General's Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
andrew.hughes@atg.wa.gov
kristin.beneski@atg.wa.gov

R. July Simpson
William McGinty
Attorney General's Office
7141 Cleanwater Dr. SW/PO Box 40111
Olympia, WA 98504-0100
July.Simpson@atg.wa.gov
william.mcginty@atg.wa.gov

Amanda M. Migchelbrink
Leslie A. Lopez
Clark County Prosecutor's Office
P.O. Box 5000
Vancouver, WA  98666
amanda.migchelbrink@clark.wa.gov
leslie.lopez@clark.wa.gov

Derek A. Lee
Angus Lee Law Firm, PLLC
9105A NE HWY 99, Suite 200
Vancouver, WA 98665
angus@angusleelaw.com

Kai A. Smith
Meha Goyal
Zachary J. Pekelis
Pacifica Law Group LLP
1191 Second Avenue, Suite 2000
Seattle, WA  98101
kai.smith@pacificalawgroup.com
meha.goyal@pacificalawgroup.com
zach.pekelis@pacificalawgroup.com

Trevor Burrus
2301 S June Street
Arlington, VA 22202
trevorburrus@gmail.com

Christopher E. Horner
Kittitas County Prosecutor's Office
205 W. 5th, Room 213
Ellensburg, WA  98926
christopher.horner@co.kittitas.wa.us

DEFENDANTS ENRIGHT AND GESE'S
ANSWER TO PLAINTIFFS' COMPLAINT
(3:23-cv-05364-RJB) – Page 15

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

SIGNED in Port Orchard, Washington this 3rd day of July, 2023.

Batrice Fredsti, Paralegal
Kitsap County Prosecutor's Office
614 Division Street, MS-35A
Port Orchard WA  98366
Phone: 360-337-7032

DEFENDANTS ENRIGHT AND GESE'S
ANSWER TO PLAINTIFFS' COMPLAINT
(3:23-cv-05364-RJB) – Page 16

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros