1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

LAWRENCE HARTFORD; DOUGLAS
MITCHELL; BRETT BASS; SPORTING
SYSTEMS VANCOUVER, INC.;
SECOND AMENDMENT
FOUNDATION, INC.; AND FIREARMS
POLICY COALITION, INC.,

               Plaintiffs,

    v.

BOB FERGUSON, in his official capacity
as Washington State Attorney General;
JOHN R. BATISTE, in his official capacity
as Chief of the Washington State Patrol;
JOHN GESE, in his official capacity as
Sheriff for Kitsap County, Washington;
CLAYTON MYERS, in his official
capacity as Sheriff for Kittitas County;
JOHN HORCH, in his official capacity as
Sheriff for Clark County; ADAM
FORTNOY, in his official capacity as
Sheriff for Snohomish County; CHAD M.
ENRIGHT, in his official capacity as
County Prosecutor for Kitsap County;
GREGORY L. ZEMPEL, in his official
capacity as County Prosecutor for Kittitas
County; TONY GOLIK, in his official
capacity as County Prosecutor for Clark
County, JASON CUMMINGS, in his
official capacity as County Prosecutor for
Snohomish County, and ALLIANCE FOR
GUN RESPONSIBILITY,

               Defendants.

CASE NO. 3:23-cv-05364-RJB

ORDER ON DEFENDANTS JOHN
HORCH AND TONY GOLIK'S
MOTION TO DISMISS 42 U.S.C. §
1983 AND 1988 CLAIMS AND
DAMAGES

1    This matter comes before the Court on Defendants John Horch's, Sheriff for Clark

2    County, Washington, and Tony Golik's, County Prosecutor for Clark County, Washington

3    (collectively "Clark County Defendants") Motion to Dismiss 42 U.S.C. § 1983 and 1988 Claims

4    and Damages.  Dkt. 67.  The Court has considered the pleadings filed regarding the motion and

5    the remaining record.

6    In this case, the Plaintiffs challenge a recently enacted Washington State assault weapons

7    regulation, Substitute House Bill 1240 ("HB 1240"), arguing that it violates their constitutional

8    right to bear arms. Dkt. 1.  The Clark County Defendants, who are named in their official

9    capacities only, now move for dismissal of the Plaintiffs' 42 U.S.C. § 1983 and 42 U.S.C. § 1988

10   claims, arguing that those claims fail to state a claim upon which relief can be granted.  Dkt. 67.

11   As is relevant to the pending motion, Plaintiff Sporting Systems Vancouver, Inc.

12   ("Sporting Systems") is a firearms dealer located in Clark County, Washington.  Dkt. 1 at 4, 17.

13   The Complaint alleges that Sporting Systems has been forced to stop selling civilians weapons

14   subject to HB 1240 and to limit the sale of these weapons to government purchasers.  *Id*.  It

15   contends that Sporting Systems "is losing and will lose profits" as a result of HB 1240.  *Id.*

16   Again, the moving parties are the Clark County prosecutor and sheriff.

17    The facts and procedural history of this case are in the June 13, 2023 Order on Kitsap

18   County Defendants' and Snohomish County Defendants' Motions to Dismiss (Dkt. 60 at 2-4)

19   and are adopted here.  The June 13, 2023 Order dismissed the Plaintiffs' 42 U.S.C. § 1983 and

20   42 U.S.C. § 1988 claims against the Kitsap and Snohomish County Defendants for failure to

21   state a claim on which relief could be granted.  Dkt. 60.  That Order noted that the Complaint

22   failed to assert personal participation by any of the Kitsap and Snohomish County Defendants

23   and failed to allege facts that would support a claim pursuant to *Monell v. Dep't Soc. Servs.,* 436

24

ORDER ON DEFENDANTS JOHN HORCH AND TONY GOLIK'S MOTION TO DISMISS 42 U.S.C. § 1983
AND 1988 CLAIMS AND DAMAGES - 2

U.S. 658 (1978).  Dkt. 60.  The June 13, 2023 Order found that amendment of the Complaint to try to state a claim under § 1983 would be futile.  *Id.*  Plaintiffs' claims for an award of attorneys' fees under 42 U.S.C. § 1988 as a prevailing party on a § 1983 claim was also dismissed.  *Id.*  On June 29, 2023, the Kittitas County Defendants' motion to dismiss the Plaintiff's §§ 1983 and 1988 claims and damages (which was based on the same grounds as the Kitsap and Snohomish County Defendants' motion to dismiss) was granted.  Dkt. 69.

In the pending motion, the Clark County Defendants move for dismissal of Plaintiff's §§ 1983 and 1988 claims and damages for the same reasons advanced by the Kitsap, Snohomish, and Kittitas County Defendants.  Dkt. 67.  The relevant law is in the June 13, 2023 Order (Dkt. 60) and is adopted here.  The same reasoning applies to the Clark County Defendants. The Complaint fails to assert personal participation by any of the named Clark County Defendants and the Complaint fails to allege facts that would support a claim pursuant to *Monell*.  The Clark County Defendants' motion (Dkt. 67) should be granted and the Plaintiffs' §§ 1983 and 1988 claims should be dismissed.  Dismissal should be without leave to amend.

This order does not address the Plaintiffs' claims against the Clark County Defendants pursuant to *Ex parte Young*, 209 U.S. 123 (1908), if any, for prospective and injunctive relief.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 24th day of July, 2023.

ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANTS JOHN HORCH AND TONY GOLIK'S MOTION TO DISMISS 42 U.S.C. § 1983 AND 1988 CLAIMS AND DAMAGES - 3