The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| LAWRENCE HARTFORD; DOUGLAS MITCHELL; BRETT BASS; SPORTING SYSTEMS VANCOUVER, INC.; SECOND AMENDMENT FOUNDATION, INC.; AND FIREARMS POLICY COALITION, INC., | NO. 3:23-cv-05364-RJB |
| Plaintiffs, | JOINT STATUS REPORT |
| v. | |
| BOB FERGUSON, in his official capacity as Washington State Attorney General, et al., | |
| Defendants. | |
| and | |
| THE ALLIANCE FOR GUN RESPONSBILITY, | |
| Intervenor-Defendant. | |

Pursuant to Fed. R. Civ. P. 26(f), Local Civil Rule 26(f)(1), and this Court's April 26, 2023, Order Regarding Initial Disclosures, Joint Status Report, Discovery, Depositions and Early Settlement (Dkt. No. 7), the parties set forth the following joint status report and proposed discovery plan.

JOINT STATUS REPORT –
NO. 3:23-cv-05364-RJB

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

**1.     A statement of the nature and complexity of the case.**

Plaintiffs are three individual residents of Washington, one federally licensed firearm dealer, and two advocacy organizations opposed to gun control. Plaintiffs allege that a recently enacted Washington law making it illegal to manufacture, import, distribute, sell, or offer for sale statutorily defined assault weapons (HB 1240) violates their Second and Fourteenth Amendment rights. They seek a judgment declaring Washington's law unconstitutional and enjoining its enforcement.

**2.     A proposed deadline for joining additional parties.**

The parties propose a deadline of September 1 to join additional parties.

**3.     Whether the parties consent to assignment of this case to a magistrate judge.**

No.

**4.     A discovery plan addressing all items set forth in Fed. R. Civ. P. 26(f)(3):**

**(A) Exchange of initial disclosures.**

All parties exchanged initial disclosures by the Court's July 18, 2023 deadline.

**(B)     Subjects, timing, and potential phasing of discovery.**

Plaintiffs' position: Plaintiffs oppose discovery in this case. Plaintiffs plan to amend their Complaint to drop their claim for money damages. As a result, the "facts" relevant to resolution of this case are "legislative facts" regarding the history of magazine usage and regulation in this country, and as such all facts can be developed in briefing and argument without the need for expert or other evidence adduced through traditional party discovery methods. *See Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012) (ordering entry of judgment for plaintiffs on review of order granting motion to dismiss because "[t]he constitutionality of the challenged statutory provisions does not present factual questions for determination in a trial . . . . Only adjudicative facts are determined in trials, and only legislative facts are relevant to the constitutionality of the Illinois gun law.") The Supreme Court's recent decision in *New York State Rifle & Pistol*

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

*Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) provides further support for dispensing with discovery in this case. In *Bruen*, no factual development occurred in the district court because plaintiffs' claims were foreclosed by circuit precedent at the time the complaint was filed, and the district court accordingly entered judgment against the plaintiffs on the pleadings. *See New York State Rifle & Pistol Association, Inc. v. Beach*, 354 F. Supp. 3d 143 (N.D.N.Y. 2018). In holding New York's may-issue licensing scheme violated the Second Amendment, the Supreme Court expressly rejected the argument that it could not "answer the question presented without giving respondents the opportunity to develop an evidentiary record," *Bruen*, 142 S. Ct. at 2135 n.8, because "in light of the text of the Second Amendment, along with the Nation's history of firearm regulation," the conclusion "that a State may not prevent law-abiding citizens from publicly carrying handguns because they have not demonstrated a special need for self-defense" *Id.* The same is true here. Application of *Bruen's* text and history test does not involve any analysis of adjudicative facts of the kind that are disclosed through discovery. *See id.* And while the State Defendants point to the historical analysis *Bruen* conducted as a reason to permit expert discovery in this case, it is noteworthy that *Bruen* itself did not have expert witnesses. Indeed, the Supreme Court decided the case based on a motion-to-dismiss record in the district court. This case turns on entirely legal issues that can and should be fully resolved by this Court on evidence presented by the parties in briefing.

If the Court determines that some discovery should be permitted, Plaintiffs reserve the right to take both fact and expert discovery from Defendants.

State Defendants' position: The State Defendants strongly disagree with Plaintiffs' position that this case does not require discovery, and note that Chief Judge Estudillo of the Western District already denied this exact same argument when Plaintiffs' counsel raised it in *Sullivan, et al. v. Ferguson, et al.*, Case No. 3:22-cv-05403-DGE (W.D. Wash.), a challenge to Washington's regulation of large capacity magazines. Here, as in *Sullivan*, Discovery will be

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1
2
3

necessary to establish facts relevant to Plaintiffs' standing and their claims for money damages (if damages claims remain in the case). The State Defendants also intend to submit evidence, including expert testimony, that is relevant to their defense of HB 1240's constitutionality.

4
5
6
7
8
9
10
11
12
13

In *Bruen*, the Supreme Court adopted a new test for claims brought under the Second Amendment that, among other things, requires an in-depth examination of the "historical tradition" of firearms regulation. This requires developing a record of relevant (and often not readily available) historical laws and regulations. The *Bruen* test also requires an examination of the nature, purpose, function, use, and availability of both historically available weapons and the items at issue in the case for purposes of determining whether the items fall within the purview of the Second Amendment and for purposes of the analogical inquiry that *Bruen* requires. In this case, developing the necessary record will require extensive historical research, and the State Defendants anticipate that testimony from expert witnesses and other evidence will be relevant to the showings called for under the new *Bruen* test.

14
15
16
17
18
19
20
21
22
23
24
25
26

Plaintiffs' reliance on *Bruen* to ask that Defendants be denied their right to discovery is misplaced. As *Bruen* itself demonstrates in its detailed, 33-page discussion of firearm carry laws, the historical analysis required by the Court's new text-and-history test contemplates detailed study of historical source materials and a close analysis of the historical context in which these materials arose. This is precisely the sort analysis to which historical experts can apply their "specialized knowledge [to] help the trier of fact to understand the evidence [and] to determine" the critical "fact[s] in issue." Fed. R. Evid. 702. Far from foreswearing reliance on an evidentiary record, the Court merely concluded it had no need for a further "evidentiary record fleshing out how New York's law is administered in practice, how much discretion licensing officers in New York possess, or whether the proper cause standard differs across counties" because its historical analysis "d[id] not depend upon any of the factual questions raised by the dissent." (*Bruen*, 142 S. Ct. at 2135 n.8 (2022) (quoting *id.*, at 2174 (Breyer, J., dissenting)). Rather, the Court focused

JOINT STATUS REPORT –
NO. 3:23-cv-05364-RJB

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

its inquiry on the extensive historical record developed largely by a bevy of amici, and which Defendants here will need to develop through the work of expert historians. Indeed, in *Bruen*, the Court explained that its "text-and-history test" would not "prove unworkable" precisely because courts would "decide a case based on the historical record *compiled by the parties*." *Bruen*, 142 S. Ct. at 2130 n.6 (emphasis added). This is exactly what the State seeks to do through expert discovery, and Plaintiffs' position is directly contrary to *Bruen*. Expert testimony and other evidence will also likely be required to help the trier of fact understand the nature, purpose, function, use, and availability of historically regulated weapons and of the assault weapons at issue in this case, which are relevant to whether the regulation of assault weapons falls within the purview of the Second Amendment.

Adequate time will be needed for the State Defendants to propound discovery requests, to identify and retain expert witnesses, and for those expert witnesses to consider their opinions and prepare reports as required by Fed. R. Civ. P. 26(a)(2).

Alliance's position: Intervenor-Defendant Alliance for Gun Responsibility joins in the State Defendants' position regarding the propriety of and need for discovery in this case. As noted in its Motion to Intervene, the Alliance intends to submit evidence, including expert witness testimony, in defense of HB 1240. The Alliance further notes that the U.S. District Court for the District of Oregon recently issued findings of facts and conclusions of law after a six-day bench trial, in which the Court rejected a Second Amendment challenge to a state law restricting large-capacity magazines and requiring a permit to purchase firearms. *See Or. Firearms Fed'n v. Kotek* (*OFF*), -- F. Supp. 3d. --, No. 2:22-CV-01815-IM, 2023 WL 4541027, at *3 (D. Or. July 14, 2023). Not only did the *OFF* Court receive evidence during trial—and make findings— on some of the very same subjects Plaintiffs here believe do not require "expert or other evidence adduced through traditional party discovery methods." *See, e.g.*, *id.* at *34 (finding that large-capacity magazines "are not commonly used for self-defense"). But the *OFF* Court also

JOINT STATUS REPORT –
NO. 3:23-cv-05364-RJB

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

rejected the very argument offered by Plaintiffs here that "legislative facts" are a viable substitute for adjudicative facts in a case such as this. *See id.* at *3 & n.2 (concluding that Plaintiffs' "legislative fact" documents are entitled to "no weight"; "[t]he legislative fact exhibits offered by Plaintiffs address factual questions that this Court must answer, including the commonality of LCMs, their use by ordinary citizens, and the relevancy of certain historical firearms regulations. Thus, the thirteen documents are replete with adjudicative facts.").

Position of Snohomish County Defendants Adam Fortney and Jason Cummings: Defendants Fortney and Cummings reserve the right to conduct discovery should discovery be permitted.

Position of Kitsap Defendants John Gese and Chad Enright: Defendants Enright and Gese do not anticipate a need to conduct their own discovery in this case.

Position of Kittitas County Defendants Greg Zempel and Clayton Myers: Defendants Zempel and Myers do not anticipate a need to conduct their own discovery in this case, but reserve the right to conduct discovery should discovery be permitted.

Position of Clark County Defendants John Horch and Tony Golik: Defendants Horch and Golik do not anticipate a need to conduct their own discovery in this case, but reserve the right to conduct discovery should discovery be permitted.

**(C) Electronically stored information.**

The parties are aware of their preservation and discovery obligations under the Federal Rules of Civil Procedure. The parties have taken reasonable measures to preserve relevant documents, including electronically stored information ("ESI"), that are maintained in locations and systems where such relevant information is likely to be found in accordance with the Rules. At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If an issue does arise, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

JOINT STATUS REPORT –
NO. 3:23-cv-05364-RJB                                    6                ATTORNEY GENERAL OF WASHINGTON
                                                                                Complex Litigation Division
                                                                                7141 Cleanwater Drive SW
                                                                                PO Box 40111
                                                                                Olympia, WA 98504-0111
                                                                                (360) 709-6470

The parties do not anticipate needing an ESI protocol in this case.

**(D) Privilege issues.**

The parties do not anticipate seeking discovery of information to which claims of privilege or protection may apply. The parties therefore do not anticipate that procedures for handling the inadvertent production of privileged information and other privilege waiver issues are necessary at this time. If any disputes related to privilege arise, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

**(E)       Proposed limitations on discovery.**

As stated above, Plaintiffs propose dispensing with discovery in this case.

The Defendants do not believe any changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Civil Rules.

**(F) The need for any discovery related orders.**

None at this time.

**5.       The parties' views on all items set forth in Local Civil Rule 26(f)(1):**

**(A) Prompt case resolution.**

The case does not now appear likely to resolve promptly.

**(B)       Alternative dispute resolution.**

Given the nature of the claims in this case, the parties do not believe it is a good candidate for ADR.

**(C) The existence of any related cases pending in this or other jurisdictions and a proposal for how to handle them.**

The parties are aware of one lawsuit presenting a similar challenge to HB 1240. *Banta, et al. v. Ferguson, et al.*, No. 2:23-cv-00112-MKD (E.D. Wash.) raises a claim under the Second Amendment, as does this case. Additionally, *Guardian Arms LLC, et al. v. State of Washington,*

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

*et al.*, No. 23-2-01761-34 (Thurston County Superior Court), challenges HB 1240 under Washington's Constitution.

**(D)** **Discovery management.**

The parties do not currently anticipate the need for a protective order.

**(E)** **Anticipated discovery sought.**

As stated above, Plaintiffs do not believe discovery is necessary in this case.

Defendants intend to seek discovery related to Plaintiffs' standing and claimed damages, among other things. Some of the Defendants also anticipate submitting expert testimony and other evidence as discussed above.

**(F)** **Phasing motions.**

The parties propose that, as contemplated by LCR 7(k), the Court enter a schedule for combined briefs on cross-motions for summary judgment (i.e., Plaintiffs' motion, followed by Defendants' combined responses and cross-motions, followed by Plaintiffs' combined response and reply, followed by Defendants' replies).

**(G)** **Preservation of discoverable information.**

The parties are aware of, and have taken steps to ensure compliance with, their obligations regarding preservation.

**(H)** **Privilege issues.**

See above.

**(I)** **Model protocol for discovery of ESI.**

Plaintiffs do not believe electronically stored information is relevant to any of the claims in this case. To the extent ESI discovery is conducted, the Model Protocol is acceptable.

To the extent ESI discovery is conducted, Defendants agree to use the Model Protocol for any ESI discovery.

**(J)** **Alternatives to Model Protocol.**

JOINT STATUS REPORT –
NO. 3:23-cv-05364-RJB

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

The Model Protocol is acceptable.

**6.    The date by which discovery can be completed.**

Plaintiffs do not believe discovery is necessary. To the extent discovery is conducted, Plaintiffs propose a deadline for expert disclosures in January 2024.

Defendants propose that the deadline for exchanging expert reports be March 29, 2024. The Defendants propose that the discovery cutoff be April 26, 2024.

**7.    Whether the case should be bifurcated by trying liability issues before the damages issues, or bifurcated in any other way.**

The parties do not believe the case should be bifurcated.

**8.    Whether the pretrial statements and pretrial order called for by LCRs 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

No.

**9.    Whether the parties intend to utilize the Individualized Trial Program set forth in LCR 39.2 or any ADR options set forth in LCR 39.1.**

The Defendants do not.

**10.    Any other suggestions for shortening or simplifying the case.**

Plaintiffs believe this case, which as explained above presents purely legal issues, can be appropriately dispensed with on cross-motions for summary judgment.

Defendants disagree with Plaintiff's position that this case "presents purely legal issues," and have no additional suggestions for shortening or simplifying the case.

JOINT STATUS REPORT –
NO. 3:23-cv-05364-RJB

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

**11.     The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.**

The parties believe this case will likely be resolved on summary judgment, and proposes that the Court enter a schedule for combined briefs on cross-motions for summary judgment, as discussed above. Should trial be necessary, Defendants anticipate that this case will be ready for trial by July 28, 2024.

**12.     Whether the trial will be jury or non−jury.**

Non-jury.

**13.     The number of trial days required.**

1-8, depending upon whether the court grants Motions for Summary Judgment and on whether Plaintiffs are seeking monetary damages under 42 U.S.C. §1983.

**14.     The names, addresses, and telephone numbers of all trial counsel.**

Joel B. Ard, WSBA # 40104
Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
206.701.9243
Joel@Ard.law

R. July Simpson
William McGinty
Andrew Hughes
Assistant Attorneys General
Kristin Beneski
First Assistant Attorney General
Washington Attorney General's Office
(360) 709-6470
July.Simpson@atg.wa.gov
William.McGinty@atg.wa.gov
Andrew.Hughes@atg.wa.gov
Kristin.Beneski@atg.wa.gov

Snohomish County Prosecuting Attorney
Lyndsey M. Downs
Margaret A. Duncan
Deputy Prosecuting Attorneys
Snohomish County Prosecutor's Office

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

| | |
|---|---|
| 1 | Civil Division |
| | 3000 Rockefeller Avenue, M/S 504 |
| 2 | Everett, WA 98201 |
| | Lyndsey.Downs@co.snohomish.wa.us |
| 3 | Margaret.Duncan@co.snohomish.wa.us |
| | |
| 4 | Leslie A. Lopez |
| | Chief Civil Deputy Prosecuting Attorney |
| 5 | Amanda M. Migchelbrink |
| | Senior Deputy Prosecuting Attorney |
| 6 | Clark County Prosecutor's Office – Civil Division |
| | PO Box 5000 |
| 7 | Vancouver WA 98666-5000 |
| | (564) 397-4755 |
| 8 | (564) 397-4764 |
| | leslie.lopez@clark.wa.gov |
| 9 | amanda.migchelbrink@clark.wa.gov |
| | |
| 10 | Christopher Horner |
| | Civil Deputy Prosecuting Attorney |
| 11 | Kittitas County, Washington |
| | 205 West Fifth |
| 12 | Ellensburg, WA 98926 |
| | Christopher.horner@co.kittitas.wa.us |
| 13 | |
| | Christine M. Palmer |
| 14 | Senior Deputy Prosecuting Attorney |
| | Kitsap County Prosecutor's Office |
| 15 | 614 Division Street, MS-35A |
| | Port Orchard, WA 98366-4676 |
| 16 | Cmpalmer@kitsap.gov |
| | |
| 17 | Zachary J. Pekelis |
| | Kai A. Smith |
| 18 | Meha Goyal |
| | Pacifica Law Group LLP |
| 19 | 1191 Second Avenue, Suite 2000 |
| | Seattle, WA 98101 |
| 20 | Zach.Pekelis@pacificalawgroup.com |
| | Kai.Smith@pacificalawgroup.com |
| 21 | Meha.Goyal@pacificalawgroup.com |
| 22 | **15.   The dates on which the trial counsel may have complications to be considered in** |
| 23 | **setting a trial date.** |
| 24 | Counsel for State Defendants presently have no unmovable conflicts in mid-2024. |
| 25 | |
| 26 | |

JOINT STATUS REPORT –
NO. 3:23-cv-05364-RJB

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Counsel for the Alliance currently have a federal trial scheduled June 3 through June 7, 2024. Due to personal commitments, counsel for the Alliance request that no trial be set between September 16 and October 18, 2024.

Plaintiffs' counsel is currently scheduled for a bench trial before Judge Jones of this Court from April 1 through April 18, 2024.

16. **If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

All parties have been served.

17. **Whether any party wishes a pretrial FRCP 16 conference with the judge prior to the entry of any order pursuant to Rule 16 or setting of a schedule for this case. If yes, indicate whether a party wishes an in−person or telephonic conference.**

The parties do not presently believe a pretrial conference is necessary. However, the State Defendants and Alliance request a pretrial conference if the Court is considering limiting their right to take discovery or to adduce expert testimony or other evidence.

18. **List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to FRCP 7.1 and LCR 7.1.**

Plaintiffs Second Amendment Foundation, Firearms Policy Coalition, Inc., and Sporting Systems Vancouver, Inc., filed their disclosure statement pursuant to FRCP 7.1 and LCR 7.1 on April 25, 2023.

JOINT STATUS REPORT –
NO. 3:23-cv-05364-RJB

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    DATED this 1st day of August 2023.

2
ROBERT W. FERGUSON                          Clark County Prosecutor's Office
3    Attorney General

4
_/s/ R. July Simpson_                       _/s/ Leslie A. Lopez_
5    R. JULY SIMPSON, WSBA #45869           LESLIE A. LOPEZ, WSBA #46118
ANDREW R.W. HUGHES, WSBA #49515             Chief Civil Deputy Prosecuting Attorney
6    WILLIAM MCGINTY, WSBA #41868          AMANDA M. MIGCHELBRINK,
WSBA #34223
7    Assistant Attorneys General           Senior Deputy Prosecuting Attorney
KRISTINE BENESKI, WSBA # 45478             leslie.lopez@clark.wa.gov
8    First Assistant Attorney General      amanda.migchelbrink@clark.wa.gov
_Counsel for State Defendants_             _Counsel for Clark County Defendants_
9
Ard Law Group PLLC                         Snohomish County Prosecutor's Office
10

11   _/s/ Joel B. Ard_                      _/s/ Margaret A. Duncan_
Joel B. Ard, WSBA # 40104                  MARGARET A. DUNCAN, WSBA #47876
12   Joel@Ard.law                          LYNDSEY M. DOWNS, WSBA #37453
_Counsel for Plaintiffs_                    Deputy Prosecuting Attorneys
13                                         Margaret.Duncan@co.snohomish.wa.us
Lyndsey.Downs@co.snohomish.wa.us
14                                         _Counsel for Snohomish County Defendants_

15   Kittitas County Prosecutor's Office    Kitsap County Prosecutor's Office

16
_/s/ Christopher Horner_                    _/s/ Christine M. Palmer_
17   CHRISTOPHER HORNER, WSBA #42152       Christine M. Palmer
Civil Deputy Prosecuting Attorney          Senior Deputy Prosecuting Attorney
18   Christopher.horner@co.kittitas.wa.us  Cmpalmer@kitsap.gov
_Counsel for Kittitas County Defendants_    _Counsel for Kitsap County Defendants_
19
Pacifica Law Group LLP
20

21   _/s/ Zachary J. Pekelis_
22   ZACHARY J. PEKELIS, WSBA #44552
KAI A. SMITH, WSBA #54749
23   Zach.Pekelis@pacificalawgroup.com
_Counsel for Intervenor-Defendant Alliance_
24   _for Gun Responsibility_

25

26
JOINT STATUS REPORT –                       13              ATTORNEY GENERAL OF WASHINGTON
NO. 3:23-cv-05364-RJB                                           Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

## **DECLARATION OF SERVICE**

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will serve a copy of this document upon all counsel of record.

DATED this 1st day of August 2023, at Tacoma, Washington.


*/s/ R. July Simpson*
R. JULY SIMPSON, WSBA #45869
Assistant Attorney General

JOINT STATUS REPORT –
NO. 3:23-cv-05364-RJB

14

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470