# Exhibit A

| | |
|---|---|
| **From:** | Hughes, Andrew (ATG) |
| **To:** | we99@georgetown.edu; william.english@georgetown.edu |
| **Cc:** | Hand, Amy (ATG) |
| **Bcc:** | Johnson, Victoria (ATG); Buswell, Jessica D. (ATG); McGinty, William (ATG); Simpson, July (ATG); Beneski, Kristin (ATG) |
| **Subject:** | Hartford v. Ferguson |
| **Date:** | Monday, November 27, 2023 10:15:24 AM |
| **Attachments:** | SDT_English.pdf |

Prof. English,

I am an Assistant Attorney General with the State of Washington, and I am currently defending multiple challenges to our state's firearm laws, including (among others) the case of *Hartford v. Ferguson*. Plaintiffs in these challenges routinely cite your research on gun and magazine ownership, so I am seeking more information about your work. I have been trying to serve the attached subpoena on you for the past several months, but without success. Can you please either confirm that you will agree to accept service via email or let me know a good time and place for serving you in person? Alternatively, if you have an attorney I should speak to directly, please let me know. Thanks so much.

Andrew


Andrew Hughes (he/him)
Section Chief
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
andrew.hughes@atg.wa.gov
Telephone: 206-498-8113

# Exhibit B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| | |
|---|---|
| LAWRENCE HARTFORD, et al., <br> *Plaintiff* <br> v. <br> BOB FERGUSON, in his official capacity as Washington State Attorney General, et al. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 3:23-cv-05364 <br> ) <br> ) <br> ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: William English
8300 Twin Forks Ln, Chevy Chase MD 20815-4847

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A

| Place: Andrew Hughes, WSBA #49515 <br> 800 Fifth Ave., Ste. 2000 <br> P.O. Box TB-14 <br> Andrew.Hughes@atg.wa.gov | Date and Time: <br> December 20, 2023 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 12, 2023

*CLERK OF COURT*
                                           OR
_____                  s/ Andrew R.W. Hughes
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

**Definition**

"Study," as used herein, refers to your paper "2021 National Firearms Survey: Updated Analysis Including Types of Firearms Owned," *Georgetown McDonough School of Business Research Paper No. 4109494* and/or "2021 National Firearms Survey," *Georgetown McDonough School of Business Research Paper No. 3887145* and/or "2021 National Firearms Survey: Analysis of Magazine Ownership and Use," including all versions thereof and all underlying research therefor.

**Document Requests**

Documents sufficient to identify all grants or other funding related to the Study.

Copies of all documents related to the funding, research, drafting, and/or publication of the Study.

Copies of all contracts related to the Study.

Copies of all survey materials related to the Study.

Copies of all materials used to identify participants for the Study.

Copies of all materials related to any efforts to publish the Paper in any publication(s).

Copies of all documents related to any communications between you and the Georgetown University Institutional Review Board, related to the Study.

Copies of all communications between you and any of the following, related to the Study:

 Charles R. Flores

 Daniel N. Nightingale

 Beck Redden LLP

 Cooper & Kirk, PLLC

 Erin Murphy

 Paul Clement

 Clement & Murphy, PLLC

 Brandon Combs

 Firearms Policy Coalition

 Center for Human Liberty

# Exhibit C

| | |
|---|---|
| **From:** | Hughes, Andrew (ATG) |
| **To:** | Chad Flores |
| **Cc:** | Hand, Amy (ATG) |
| **Bcc:** | Beneski, Kristin (ATG); Simpson, July (ATG); McGinty, William (ATG); Buswell, Jessica D. (ATG); Truong, Christine (ATG) |
| **Subject:** | RE: Subpoena to Professor William English |
| **Date:** | Wednesday, January 10, 2024 5:18:26 PM |

Chad,

In addition to records from FedEx saying the subpoena was delivered and signed for by Mr. English, the subpoena was also delivered via FedEx to Mr. English's office, I have emailed the subpoena to Mr. English directly, and I have emailed it to you, his counsel. There is no doubt the subpoena has been "deliver[ed] … to" Mr. English. Fed. R. Civ. P. 45(b)(1); *see also Kleiman v. Wright*, 2:20-CV-00593-BJR, 2020 WL 2107710 (W.D. Wash. Apr. 24, 2020) (holding that where "the totality of the circumstances confirms that despite his elusive behavior, [the witness] has been delivered a copy of the subpoenas" service is accomplished under Rule 45(b)(1)).

As to the scope of the subpoena, all versions of Mr. English's survey are relevant to the issues in this suit. In particular, information about the 2021 "Updated Analysis" necessarily includes information about the prior analyses. There is no rule that limits us to asking only about the version of the survey cited in Plaintiffs' Complaint.

Be advised that, having not heard from you in three weeks, we are planning to file our motion to compel compliance with the subpoena tomorrow. We are happy to continue discussing this while that motion is pending, but in light of the time that has elapsed, and the limited time remaining in discovery, we cannot let this drag on any longer.

Andrew

Andrew Hughes (he/him)
Section Chief
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
andrew.hughes@atg.wa.gov
Telephone: 206-498-8113

**From:** Chad Flores <cf@chadflores.law>
**Sent:** Wednesday, January 10, 2024 3:55 PM
**To:** Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>
**Cc:** Hand, Amy (ATG) <amy.hand@atg.wa.gov>
**Subject:** Re: Subpoena to Professor William English

[EXTERNAL]

Andrew,

Thanks for staying in touch. Here are two followup issues to see about at your earliest convenience.

Before deeming service to have occurred, I need to better understand a little something about what's happened so far. Do you have any other evidence of the FedEx package's actual delivery to Professor English besides the forwarded computer printout? According to my inquiry, Professor English never signed to receive any such package. I know that sometimes zealous FedEx folks can overreach in their electronic recordkeeping, especially given that they aren't attesting like one would in a real affidavit.

Another issue I need help with is the scope of inquiry. I see the request seeking lots of information as to several different papers ("2021 National Firearms Survey: Updated Analysis Including Types of Firearms Owned," Georgetown McDonough School of Business Research Paper No. 4109494 and/or "2021 National Firearms Survey," Georgetown McDonough School of Business Research Paper No. 3887145 and/or "2021 National Firearms Survey: Analysis of Magazine Ownership and Use"). But I only see the first paper being cited in the *Hartford* complaint. If the *Hartford* litigation referred to more than just that first paper, could you please point those instances out?

Have a nice day.

_____
Chad Flores
cf@chadflores.law
(512) 589-7620


On Fri, Dec 22, 2023 at 11:38 AM Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov> wrote:

> Chad,
>
> Yes, Prof. English has been served. Attached is the proof of delivery from FedEx, indicating that Prof. English signed for the subpoena himself. For good measure, I'm also attaching an email I sent Prof. English last month, attaching the subpoena.
>
> Andrew
>
> Andrew Hughes (he/him)
> Section Chief
> Complex Litigation Division
> 800 Fifth Avenue, Suite 2000
> Seattle, WA 98104
> andrew.hughes@atg.wa.gov
> Telephone: 206-498-8113

**From:** Chad Flores <cf@chadflores.law>
**Sent:** Thursday, December 21, 2023 5:22 PM
**To:** Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>
**Cc:** Hand, Amy (ATG) <amy.hand@atg.wa.gov>
**Subject:** Re: Subpoena to Professor William English

[EXTERNAL]

Andrew,

Thanks for touching base. I do indeed represent Professor English for the matter. It's good to have a line of communication open so that we can all resolve things as efficiently as possible.

I'm relatively new to the situation. So it may take a bit of extra time to be fully up to speed. Thanks in advance for indulging what may seem like rudimentary catchup questions, including this: Did someone properly serve the subpoena and complete a proof of service? What you attached has that page blank.

_____
Chad Flores
cf@chadflores.law
(512) 589-7620


On Thu, Dec 21, 2023 at 6:55 PM Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov> wrote:

> Chad,
>
> We understand that you represent Professor William English in connection with inquiries regarding his survey work on firearm and accessory ownership and usage. To that end, we served the attached subpoena on him on December 13, at the latest. I am writing to confirm that Prof. English, and you, are in receipt of the subpoena, and to ask when we can expect to receive responsive documents. We are happy to discuss a reasonable timeline for responses, should your client need more time. Thanks so much, and let me know if you have any questions.
>
> Andrew
>
> Andrew Hughes (he/him)
> Section Chief
> Complex Litigation Division
> 800 Fifth Avenue, Suite 2000
> Seattle, WA 98104
> andrew.hughes@atg.wa.gov
> Telephone: 206-498-8113

| | |
|---|---|
| **From:** | Hughes, Andrew (ATG) |
| **To:** | "Chad Flores" |
| **Cc:** | Hand, Amy (ATG) |
| **Bcc:** | Simpson, July (ATG); McGinty, William (ATG); Beneski, Kristin (ATG) |
| **Subject:** | RE: Subpoena to Professor William English |
| **Date:** | Tuesday, January 2, 2024 9:52:39 AM |

Chad,

Following up on my email below, please let us know when we can expect to receive responsive documents. Thank you.

Andrew

Andrew Hughes (he/him)
Section Chief
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
andrew.hughes@atg.wa.gov
Telephone: 206-498-8113

**From:** Hughes, Andrew (ATG)
**Sent:** Friday, December 22, 2023 9:39 AM
**To:** Chad Flores <cf@chadflores.law>
**Cc:** Hand, Amy (ATG) <amy.hand@atg.wa.gov>
**Subject:** RE: Subpoena to Professor William English

Chad,

Yes, Prof. English has been served. Attached is the proof of delivery from FedEx, indicating that Prof. English signed for the subpoena himself. For good measure, I'm also attaching an email I sent Prof. English last month, attaching the subpoena.

Andrew

Andrew Hughes (he/him)
Section Chief
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
andrew.hughes@atg.wa.gov
Telephone: 206-498-8113

**From:** Chad Flores <cf@chadflores.law>
**Sent:** Thursday, December 21, 2023 5:22 PM
**To:** Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>
**Cc:** Hand, Amy (ATG) <amy.hand@atg.wa.gov>
**Subject:** Re: Subpoena to Professor William English

[EXTERNAL]

Andrew,

Thanks for touching base. I do indeed represent Professor English for the matter. It's good to have a line of communication open so that we can all resolve things as efficiently as possible.

I'm relatively new to the situation. So it may take a bit of extra time to be fully up to speed. Thanks in advance for indulging what may seem like rudimentary catchup questions, including this: Did someone properly serve the subpoena and complete a proof of service? What you attached has that page blank.

_____
Chad Flores
cf@chadflores.law
(512) 589-7620


On Thu, Dec 21, 2023 at 6:55 PM Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov> wrote:

> Chad,
>
> We understand that you represent Professor William English in connection with inquiries regarding his survey work on firearm and accessory ownership and usage. To that end, we served the attached subpoena on him on December 13, at the latest. I am writing to confirm that Prof. English, and you, are in receipt of the subpoena, and to ask when we can expect to receive responsive documents. We are happy to discuss a reasonable timeline for responses, should your client need more time. Thanks so much, and let me know if you have any questions.
>
> Andrew
>
> Andrew Hughes (he/him)
> Section Chief
> Complex Litigation Division
> 800 Fifth Avenue, Suite 2000
> Seattle, WA 98104
> andrew.hughes@atg.wa.gov
> Telephone: 206-498-8113

**FedEx**

December 13, 2023

Dear Customer,

The following is the proof-of-delivery for tracking number: 774454952953

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Residence |
| Signed for by: | W.ENGLISH | Delivery Location: | |
| Service type: | FedEx Priority Overnight | | |
| Special Handling: | Deliver Weekday; Residential Delivery; Adult Signature Required | | CHEVY CHASE, MD, |
| | | Delivery date: | Dec 13, 2023 12:33 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 774454952953 | Ship Date: | Dec 12, 2023 |
| | | Weight: | 1.0 LB/0.45 KG |

Recipient:  
CHEVY CHASE, MD, US,

Shipper:  
Olympia, WA, US,

Proof-of-delivery details appear below; however, no signature is available for this FedEx Express shipment because a signature was not required.

Thank you for choosing FedEx

| | |
|---|---|
| **From:** | Hughes, Andrew (ATG) |
| **To:** | we99@georgetown.edu; william.english@georgetown.edu |
| **Cc:** | Hand, Amy (ATG) |
| **Bcc:** | Johnson, Victoria (ATG); Buswell, Jessica D. (ATG); McGinty, William (ATG); Simpson, July (ATG); Beneski, Kristin (ATG) |
| **Subject:** | Hartford v. Ferguson |
| **Date:** | Monday, November 27, 2023 10:15:24 AM |
| **Attachments:** | SDT_English.pdf |

Prof. English,

I am an Assistant Attorney General with the State of Washington, and I am currently defending multiple challenges to our state's firearm laws, including (among others) the case of *Hartford v. Ferguson*. Plaintiffs in these challenges routinely cite your research on gun and magazine ownership, so I am seeking more information about your work. I have been trying to serve the attached subpoena on you for the past several months, but without success. Can you please either confirm that you will agree to accept service via email or let me know a good time and place for serving you in person? Alternatively, if you have an attorney I should speak to directly, please let me know. Thanks so much.

Andrew


Andrew Hughes (he/him)
Section Chief
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
andrew.hughes@atg.wa.gov
Telephone: 206-498-8113