UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAWRENCE HARTFORD; DOUGLAS MITCHELL; BRETT BASS; SPORTING SYSTEMS VANCOUVER, INC.; SECOND AMENDMENT FOUNDATION, INC.; AND FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NICK BROWN, in his official capacity as Washington State Attorney General; JOHN R. BATISTE, in his official capacity as Chief of the Washington State Patrol; JOHN GESE, in his official capacity as Sheriff for Kitsap County, Washington, et. al., <br><br> Defendants. | CASE NO. 3:23-cv-05364-RJB <br><br> ORDER RESETTING DEADLINE |

This matter[1] comes before the Court *sua sponte* on review of the record. The Court has reviewed the record and is fully advised.

---

[1] Federal Rule Civil Procedure 25(d), provides that, when a public officer, sued in their official capacity, "ceases to hold office while [an] action is pending," the "officer's successor is automatically substituted." Accordingly, Nick Brown is hereby substituted as Washington's Attorney General. All future pleadings should reflect this change.

ORDER RESETTING DEADLINE - 1

In this case, the Plaintiffs challenge Washington State's assault weapons regulation, arguing it violates their constitutional right to bear arms. Dkt. 1. On June 6, 2023, the Plaintiffs' motion for an order preliminarily enjoining enforcement of that regulation was denied. Dkt. 56. On February 14, 2024, the parties moved for, and the Court granted, a continuation of all deadlines in this case until the Ninth Circuit Court of Appeals decided both *Miller v. Bonta*, case number 23-2979 and *Duncan v. Bonta,* case number 23-55805. *Miller* concerns California's assault weapon restriction and *Duncan* concerns California's large-capacity magazine restriction. *Id.* The Ninth Circuit held *Miller* in abeyance until *Duncan* was decided.

The parties in the case before this Court were ordered to file status reports when *Duncan* was decided, or in any event, by certain dates. Dkts. 88, 94, 96 and 99. In the most recent order in this case, the parties were ordered to file a status report within two weeks of the Ninth Circuit's decision in *Duncan.* Dkt. 99.

*Duncan,* in which the en banc court upheld California's large-capacity magazine restriction, was decided on March 20, 2025. The Ninth Circuit then ordered the *Miller* parties to file supplemental briefs addressing what, if any, effect *Duncan* has on the analysis of California's assault weapon restriction. The *Miller* parties were granted 30 days to file their briefs.

To conserve the parties' resources in the case before the undersigned, the parties' status report deadline should be changed. The parties' status report should be filed within two weeks of the Ninth Circuit Court of Appeals decision in **Miller v. Bonta, case number 23-2979**, or in any case by **July 11, 2025**.

**IT IS SO ORDERED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 7th day of April, 2025.

*[signature]*

ROBERT J. BRYAN
United States District Judge

ORDER RESETTING DEADLINE - 3